PATTERSON, Chief Judge.
Douglas McCray appeals from his sentences for possession of cocaine with intent to sell and sale of cocaine. The trial court sentenced McCray as a habitual offender on both counts and imposed a concurrent sentence of fifteen years in prison. McCray correctly argues, and the State concedes, that the trial court erred in imposing a habitual offender sentence for possession of cocaine with intent to sell. See Brown v. State, 744 So.2d 1184 (Fla. 2d DCA 1999); § 775.084(1)(a)(3), Fla. Stat. (Supp.1998) (prohibiting habitual offender sentence for “violation of s. 893.13 relating to the purchase or the possession of a controlled substance”).
As the State points out, McCray’s sentence of fifteen years’ imprisonment for the second-degree felony of possession of cocaine with intent to sell is a legal guidelines sentence because the trial court “may impose a sentence up to and including the statutory maximum for any offense” before the court for sentencing. § 921.002(1)(g), Fla. Stat. (Supp.1998); see §§ 775.082(3)(c), 893.13(1)(a)(1), 921.0024(2), Fla. Stat. (Supp.1998). Therefore, we reverse the habitual felony offender designation from the sentence for possession of cocaine with intent to sell and remand for the trial court to remove the habitual felony offender designation on that sentence; McCray need not be resen-tenced because his fifteen-year sentence is a legal guidelines sentence. See Miller v. State, 696 So.2d 913 (Fla. 2d DCA 1997). In all other respects, we affirm McCray’s sentences.
Affirmed in part, reversed in part, and remanded with directions.
THREADGILL and NORTHCUTT, JJ., Concur.