821 So.2d 404 (2002)
James Edward TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-5097.
District Court of Appeal of Florida, Second District.
July 17, 2002.
James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tallahassee, for Appellee.
KELLY, Judge.
James Edward Taylor pleaded guilty to unlawful sexual activity with a minor and was sentenced to five years' probation. While this appeal was pending, he filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b), alleging several errors in his order of probation. Although the trial court correctly granted relief with *405 respect to two of the errors Taylor asserted, it erroneously denied relief as to four others.
Taylor argued that the costs of investigation were improperly imposed. We agree. The State concedes that the $510 in investigative costs must be stricken because there was no proper request or documentation to support it. See Welch v. State, 724 So.2d 651 (Fla. 2d DCA 1999). On remand, these costs may be reimposed if the procedural safeguards set forth in Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995), are satisfied.
Taylor also argued that the trial court's oral pronouncement of the amount of the public defender lien conflicted with the written order of probation. The State also concedes error on this claim. Because the oral pronouncement controls, the probation order must be modified to reflect a lien in the amount of $700 as opposed to $750. See Ferguson v. State, 778 So.2d 387 (Fla. 2d DCA 2001). On remand, Taylor shall be allowed to file an objection to the public defender lien within thirty days. If he does so, the lien must be stricken but may be reimposed based on the trial court's findings after a fee hearing. See Richie v. State, 777 So.2d 977 (Fla. 2d DCA 1999).
Taylor next argues that condition 43, which requires him to pay for the cost of drawing a DNA blood sample, should be stricken because it is a special condition of probation which was not orally pronounced. We disagree. Taylor was convicted of unlawful sexual activity with a minor under chapter 794, Florida Statutes (1997). Section 943.325(1), Florida Statutes (1997), requires any individual who has been convicted under that chapter to provide two DNA samples to FDLE. Section 948.03(10) and (11), Florida Statutes (1997), provides that as a condition of probation, any individual convicted for an offense under section 943.325 shall submit to the procedure, and shall reimburse the appropriate agency for the cost of drawing and transmitting the samples to FDLE. Because this cost is statutorily mandated, the trial court's failure to orally pronounce it at the hearing was not fatal. See Reyes, 655 So.2d at 111. While we affirm the assessment of this cost, we note that there appears to be a scrivener's error in the order. In regard to this claim, the order states: "Defendant's request that the condition requiring Defendant to pay the costs of drawing a DNA specimen is Granted." On remand, the order shall be corrected to reflect that assessment of this cost is proper.
Finally, Taylor contends that condition 29, which prohibits him from viewing, owning, or possessing obscene, pornographic, or sexually explicit material, violates his constitutional rights because it is not specific as to his particular deviant behavior. He also argues that this is a special condition which should be stricken because it was not orally pronounced. Because section 948.03 lists probation conditions for sexual offenses occurring on or after October 1, 1995, they are general conditions which need not be orally pronounced. State v. Williams, 712 So.2d 762 (Fla.1998). Thus, condition 29 is a general condition of probation which the trial court was not required to orally pronounce. At the hearing, however, the trial judge stated that he was imposing all of the sexual offender conditions that apply when the offender is over eighteen and the victim is over seventeen. While we conclude that Taylor had adequate notice of what was prohibited based upon the statutory language and the trial court's statements, we agree with Taylor that condition 29 in the written order of probation should be more specific and relate to Taylor's particular *406 deviant behavior pattern. Accordingly, we affirm condition 29 but remand to the trial court so that the written condition can be modified to conform to the language of section 948.03(5)(a)(7).
Affirmed; remanded with instructions.
GREEN and SALCINES, JJ., concur.