h TOBIAS, Jr., J.
We grant the application for a supervisory writ of the defendant/relator, Rite Aid Corporation, to determine whether the trial court erred in denying the defendani/re-lator’s motion to dismiss without prejudice the plaintiff/respondent’s suit for failure to request service of the petition upon the defendant/relator within ninety (90) days. See La. C.C.P. arts. 1201(C) and 1672(C). For the following reasons, we affirm.
The petition as originally filed by the plaintiff/respondent requested service upon the defendant/relator through its registered agent for service of process. At the time of the filing of the petition, the plaintiff/respondent did not deliver a payment for the service of the petition to the civil sheriff as is the custom with the Orleans Parish Civil Sheriff. The precise issue before us is to whom must the request for service be made, for neither La. C.C.P. art. 1201(C) nor La. C.C.P. art. 1672(C) mandates to whom the request for service should be made.
Under La. C.C.P. art. 1202, the clerk must issue the citation under the clerk’s signature and seal of the court. (A citation must accompany a certified copy of the petition in order to complete proper citation and service.) It therefore follows that the initial request for service should be made to the clerk of court, not the civil *1141 1 ^sheriff.[1] The plaintiff/respondent in the case at bar made the request for service to the clerk of court at the time of filing of his petition. The requirements of La. C.C.P. arts. 1201(C) and 1672(C) have been met.
Accordingly, we find that the plaintiff/respondent timely made a request for service of the petition. The trial court did not err.

SUPERVISORY WRIT GRANTED; JUDGMENT AFFIRMED.

. We do not address the issue of what the result would be if, after preparation of citation and delivery thereof with a certified copy of the petition to the sheriff, the plaintiff discovers that he, she, or it has stated an incorrect address in the original request for service.