854 So.2d 754 (2003)
David BURGESS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-940.
District Court of Appeal of Florida, Second District.
August 29, 2003.
*755 SALCINES, Judge.
David Burgess appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The motion stated a claim for correction of an illegal sentence as related to one count of possession with intent to sell a controlled substance and, in a second claim, challenged his convictions. We reverse the trial court's denial as to the correction of illegal sentence and remand the cause for further proceedings. However, we affirm the trial court's denial of relief as to the convictions as such a challenge is not proper under rule 3.800(a).
Pursuant to a plea of no contest, Burgess was sentenced as a habitual offender to twenty years' Florida State Prison for one count of possession of cocaine with intent to sell and two counts of sale of cocaine. In his motion, Burgess pointed out that a habitual offender sentence is not allowed for possession of a controlled substance with intent to sell. § 775.084(1)(a)3, Fla. Stat. (1999); Brown v. State, 744 So.2d 1184 (Fla. 2d DCA 1999). We agree.
As such, it is apparent from the face of the record that this portion of Burgess' sentence is illegal. See Williams v. State, 500 So.2d 501, 503 (Fla.1986) (holding that a court cannot impose an illegal sentence pursuant to a plea bargain, nor may a defendant agree to an illegal sentence as part of that bargain). Therefore, we reverse the order of the trial court as to the possession count and remand for the trial court to delete the habitual felony offender designation. We affirm the trial court's denial of relief as to the convictions.
Affirmed in part; reversed in part; and remanded.
DAVIS and KELLY, JJ., Concur.