884 So.2d 77 (2004)
Mario ORTIZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2983.
District Court of Appeal of Florida, Second District.
April 14, 2004.
*78 James Marion Moorman, Public Defender, and Celene Humphries, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jenny Scavino Sieg, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Mario Ortiz seeks review of the trial court's judgment and sentence adjudicating Ortiz guilty of aggravated battery with a firearm, causing great bodily harm. This is an Anders[1] appeal raising five issues. We affirm without comment four of the five issues. As to the fifth issue, we find that the trial court erroneously imposed costs of prosecution and investigation in the absence of proper requests and supporting documentation. Ortiz preserved this issue by filing a motion to correct illegal sentence, pursuant to Florida Rule of Criminal Procedure 3.800(b).
Costs for prosecution and investigation imposed under section 938.27(1), Florida Statutes (2001), "must be expressly requested by a specific agency with adequate supporting documentation." Reyes v. State, 655 So.2d 111, 114 (Fla. 2d DCA 1995); see also Taylor v. State, 821 So.2d 404 (Fla. 2d DCA 2002). Ortiz asserts, and the State concedes, that the trial court erred when it imposed $150 for prosecution costs and $130 for investigative costs without the proper requests and supporting documentation from the State.
Accordingly, we reverse the imposition of prosecution and investigative costs and remand for the trial court to strike the costs. We affirm Ortiz's judgment and sentence in all other aspects, and the costs may be reimposed on remand if the procedural safeguards required in Reyes are met. See Taylor, 821 So.2d at 405. We note, however, that the expense likely to be incurred by obtaining Ortiz's presence for a new hearing may outweigh the costs sought by the State.
Affirmed in part, reversed in part, and remanded with instructions.
CASANUEVA and WALLACE, JJ., Concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).