888 So.2d 93 (2004)
James SPRUILL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5800.
District Court of Appeal of Florida, Second District.
November 24, 2004.
*94 James Marion Moorman, Public Defender, and Anthony C. Musto and Steven L. Bolotin, Assistant Public Defenders, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
James Spruill challenges his convictions and sentences for sexual battery and incest. We affirm the convictions without discussion; however, we reverse the imposition of certain discretionary costs.
Spruill's written judgment and sentence required him to pay $66.50 in discretionary costs. He filed a motion to correct sentencing error alleging that the trial court failed to orally impose those costs and failed to find that he had the ability to pay. The trial court denied Spruill's motion as untimely, finding that Florida Rule of Criminal Procedure 3.800(b)(2) required such motions to be served before the filing of the appellate brief. The trial court concluded that since Spruill's brief had been due on March 22, 2003, well before he filed his motion on June 16, 2003, the motion was untimely. The decision was made notwithstanding the fact that Spruill's initial brief had not been filed.
On May 20, 2003, this court sua sponte entered an order requiring Spruill to serve his initial brief within twenty-five days, making his brief due by June 16, 2003. As such, Spruill's motion to correct sentence, served on June 16, 2003, was timely as it was filed prior to the date that his brief was served.[1] The rule establishing the timeliness of the motion refers to the filing of the brief, not the date established by the rules as to when the brief should be filed. Accordingly, the trial court should have considered the substance of the motion.
*95 In his motion, Spruill argued that the $66.50 in discretionary costs that were imposed must be reversed because the trial court failed to orally pronounce them, and because the trial court failed to make the required statutory finding that he had the ability to pay the costs imposed, see § 939.18(1)(b), Fla. Stat. (1999). Given the trial court's decision to appoint the public defender to represent Spruill on appeal, it is unknown whether Spruill had the ability to pay. Accordingly, we must reverse the imposition of the $66.50 in costs.
While we affirm Spruill's convictions, we reverse that portion of the sentence imposing $66.50 in costs and remand for correction of the written sentence. Spruill need not be present for the correction of the sentencing document.
Affirmed in part; reversed in part.
SILBERMAN and CANADY, JJ., Concur.
NOTES
[1] Pursuant to this court's granting of Spruill's motion for extension of time, the initial brief was served on November 18, 2003.