|fiDALEY, J.,
dissents with reasons.
LSA-C.C.P. art. 891 requires that a civil petition set forth the name, domicile, and a service address of the parties. LSA-C.C.P. art. 1201 requires service of citation be requested on all named defendants within ninety days of commencement of the action. In the instant case, plaintiff, Liberty Mutual Insurance Company, in their petition, requested service on the defendants and gave the proper domiciles and service address. The Petition for Damages in Subrogation stated in pertinent part:
Made defendants herein are: (1) BARBARA NOBLE, a person of the full age of majority and a resident of St. Charles Parish, who may be served at 116 Oak Manor Lane, St. Rose, LA 70087, (2) THOMAS HARTER, a person of the full age of majority and a resident of Jefferson Parish, Louisiana who may be served at 436 Helios Ave., Metairie, LA and (3) STATE FARM MUTUAL INSURANCE COMPANY, a foreign corporation authorized to do and doing business in the State of Louisiana who may be served through the Secretary of State for the State of Louisiana.
[[Image here]]
WHEREFORE, PETITIONER, LIBERTY MUTUAL INSURANCE COMPANY, PRAYS that the defendants herein be served with a copy of these pleadings and after due proceedings had, that there be Judgment herein, in favor of Liberty Mutual Insurance Company, against Barbara Noble, Thomas Hartner and State Farm Mutual Insurance Company....
While I acknowledge it is the customary practice to provide service instructions at the end of the petition, I have found no statute or rule that requires the request for service be made at the bottom of the last paragraph of the petition. In Parker v. Rite Aid Corporation, 03-0208 (La.App. 4 Cir. 3/26/03), 843 So.2d 1140, writ denied, 03-1152 (La.6/20/03), 847 So.2d 1237, the Fourth Circuit Court of Appeal found that plaintiffs request for service of process to the Clerk at the time of filing his petition was sufficient despite the custom that service requests were made to the civil sheriff in that district court. Louisiana Attorney General opinion number 99-276 describes what constitutes a request for service of the citation pursuant to LSA-C.C.P. art. 1201(C):
Code of Civil Procedure Article 1201(C) requires that service of citations be requested on all named defendants *1161 within ninety (90) days of commencement of the action. Regarding the form of the petition and its’ specific requirements regarding names and addresses of defendants, Code of Civil Procedure Article 891(A) states as follows:
The petition shall comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861. It shall set forth the name, surname, and domicile of the parties; shall contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation; shall designate an address, not a post office box, for receipt of service of all items involving the litigation; and shall conclude with a prayer for judgment for the relief sought. Relief may be prayed for in the alternative.
(Emphasis added).
Per Article 891, the petition must set forth the name, surname, domicile and a service address of the parties. Code of Civil Procedure Article 853 further requires that “the title of the action shall state the name of the first party on each side with an appropriate indication of other parties.” Clearly, the petition or pleading must state the name and address of the parties. However, in accordance with Code of Civil Procedure Article 854, “no technical forms of pleading are required.” In accordance with the above cited articles, there must clearly be a request for service. The ultimate issue of what exactly constitutes a “request for service” must be determined by the court on a case by case basis. Louisiana Acts 1997, No. 518, amended article 1201, adding paragraph C which requires a request for service to be made within 90 days of filing. We are not aware of any court decisions interpreting exactly what constitutes a request for service.
In this case, the plaintiff has filed suit for damages in subrogation to its insured’s rights. An insurer stands in the shoes of the insured when subrogated to his rights acquiring the independent right to assert the insured’s actions and rights. Barreca v. Cobb, 95-1651 (La.2/28/96), 668 So.2d 1129.
^Article 1, Section 2, of the Louisiana Constitution of 1974, provides that “No person shall be deprived of life, liberty, or property, except by due process of law.” Exxon Pipeline Co. v. Hill, 00-2535 (La.5/15/01), 788 So.2d 1154, 1166. Laws in derogation of these established rights in long standing must be strictly construed. Touchard v. Williams, 617 So.2d 885, 892 (La.1993). Statutes are to be interpreted giving the effect which makes the least change in the existing body of law, where there is any doubt about the intent or meaning of laws in derogation of common law or common right. Id.
Because the dismissal of the petition pursuant to LSA-C.C.P. art. 1672(C) is in derogation of plaintiffs rights, it is not favored. Since plaintiffs in this case have requested service sufficiently to comply with LSA-C.C.P. art 891 and LSA-C.C.P. art 1201, I would reverse the trial court’s dismissal and reinstate plaintiffs petition.