898 So.2d 1161 (2005)
Trevor JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4754.
District Court of Appeal of Florida, Second District.
April 1, 2005.
*1162 James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Trevor James challenges by Anders[1] appeal a withhold of adjudication entered pursuant to his guilty plea for resisting an officer with violence, assault on a law enforcement officer, and trespass on property with warning. Because he failed to file a motion to withdraw his plea or to reserve any dispositive issue, we affirm without discussion his argument that the trial court erred in accepting his guilty plea.
We agree, however, with Mr. James's contention that the trial court erred in imposing certain costs under sections 938.27(1) and 939.18, Florida Statutes (2002), as he asserted in a timely motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court imposed $150 for costs of prosecution and $130 for investigatory costs pursuant to section 938.27 without any agency request or supporting document or a finding of the defendant's ability to pay. This was error. See § 938.27(1), (5); Ortiz v. State, 884 So.2d 77, 78 (Fla. 2d DCA 2004); Taylor v. State, 821 So.2d 404, 405 (Fla. 2d DCA 2002).
*1163 The trial court also erroneously imposed $150 for the court facilities fund without finding that James had the ability to pay the additional assessment. See § 939.18(1)(b); Spruill v. State, 888 So.2d 93, 94 (Fla. 2d DCA 2004); McLean v. State, 870 So.2d 50, 50 (Fla. 2d DCA 2003).
Accordingly, we strike these costs and remand for further proceedings. On remand, the trial court may reimpose these costs if the procedural safeguards set forth in Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc), are satisfied.
Affirmed in part, reversed in part, and remanded with instructions.
ALTENBERND, C.J., and CANADY, J., Concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).