WELLS, Judge.
Martin Scott appeals the summary denial of his rule 3.850 motion for post-conviction relief claiming that the trial court erred in imposing a ten year mandatory minimum on his Habitual Violent Offender sentence for robbery by sudden snatching, a third degree felony. See § 812.131, Fla. Stat. (2001). We agree. Where a third degree felony is involved, section 775.084(4)(b)3 makes an offender ineligible for release for five years. The 10 year mandatory minimum sentence imposed on Scott’s third degree felony is, therefore, illegal and must be reduced on remand to five years. See Burgess v. State, 854 So.2d 754, 755 (Fla. 2d DCA 2003); Summers v. State, 747 So.2d 987, 989 (Fla. 5th DCA 1999); see also Williams v. State, 500 So.2d 501, 503 (Fla.1986), receded from in part on other grounds, Quarterman v. State, 527 So.2d 1380, 1382 (Fla.1988). In *1214 all other respects, the order under review is affirmed.
Affirmed in part, reversed in part, and remanded for correction of sentence.