901 So.2d 310 (2005)
Ismael I. DIAZ, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D03-5350, 2D03-5351.
District Court of Appeal of Florida, Second District.
May 4, 2005.
James Marion Moorman, Public Defender, and Lisa Lott, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
*311 WALLACE, Judge.
In this appeal brought pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel for Ismael Diaz identifies minor sentencing errors in two cases. See In re Appellate Court Response to Anders Briefs, 581 So.2d 149, 152 (Fla.1991). We reverse the sentences in part with regard to certain costs and remand for further proceedings consistent with this opinion. The judgments and sentences are affirmed in all other respects.
In circuit court case 03-2116 (appellate case 2D03-5350) and circuit court case 03-4492 (appellate case 2D03-5351), Diaz pleaded guilty to multiple charges, including grand theft of a motor vehicle. In both cases, the trial court imposed the following costs: (1) $150 in prosecution costs, § 938.27, Fla. Stat. (2002); (2) $130 in investigative costs, § 938.27; and (3) $150 in court costs for court facilities, § 939.18(1). This appeal concerns two motions filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) directed to these costs.
In the first motion, Diaz requested the trial court to strike the prosecution costs and the investigative costs in both cases for lack of express requests, with supporting documentation, by the specific agencies that incurred the costs. The trial court correctly granted relief in case number 03-2116 by entering an amended judgment and sentence omitting the prosecution costs and investigative costs that had appeared in the original judgment and sentence. See § 938.27(1); Ortiz v. State, 884 So.2d 77, 78 (Fla. 2d DCA 2004); Smith v. State, 714 So.2d 1152, 1153 (Fla. 2d DCA 1998). However, the trial court failed to address the motion as it related to case number 03-4492; thus, as to that case, the motion was deemed denied. See O'Neill v. State, 841 So.2d 629, 629 (Fla. 2d DCA 2003). Because the prosecution and investigative costs were improperly imposed in case number 03-4492, we reverse the sentence as to these costs and remand for the trial court to either strike the costs or reimpose the costs if the statutory requirements are met.
Diaz timely filed a second rule 3.800(b)(2) motion requesting the trial court to strike the $150 in court costs for court facilities in both cases because the court failed to consider Diaz's financial resources. See § 939.18(1)(b). The trial court agreed that the cost should be stricken in both cases and entered a timely order granting the motion. However, there is no indication in the record that the trial court entered amended judgments and sentences in accordance with its order. We remand for this purpose. See Weinheimer v. State, 829 So.2d 338, 338 (Fla. 2d DCA 2002) (remanding for entry of amended judgments and sentences when, during pendency of the appeal, the trial court entered an order correcting a sentencing error but failed to enter amended judgments and sentences in accordance with its order).
Convictions affirmed, sentences affirmed in part and reversed in part, and remanded.
FULMER and LaROSE, JJ., Concur.