912 So.2d 1293 (2005)
Darius BOYD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1729.
District Court of Appeal of Florida, Second District.
November 4, 2005.
James Marion Moorman, Public Defender, and Alisa Smith, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Darius Boyd appeals his convictions for DUI manslaughter; driving while license suspended, revoked, or cancelled; and obstructing or resisting an officer without violence. Counsel for Boyd filed an Anders[1] brief identifying a minor sentencing error. We affirm all three convictions without comment, but we reverse and remand on the minor sentencing issue. See In re Appellate Court Response to Anders Briefs, 581 So.2d 149 (Fla.1991); Diaz v. State, 901 So.2d 310 (Fla. 2d DCA 2005).
Boyd's counsel correctly argues that the trial court's imposition of $128 in investigative costs was erroneous because there is no evidence in the record of a request or supporting documentation from the investigating agency. See § 938.27(1), Fla. Stat. (2001); Ortiz v. State, 884 So.2d 77, 78 (Fla. 2d DCA 2004). Boyd preserved this issue by filing a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), in which he challenged $450 in court costs and $128 in investigative costs. On October 7, 2004, the trial court denied the motion "in part, as to the investigative costs" and granted the motion "in part, as to the Fine/Court Costs." However, on October 8, 2004, the trial court entered an order vacating the judgment lien previously imposed "in the amount of $578.00," an amount which included the $128 in investigative costs. Because *1294 the trial court's rule 3.800(b)(2) order is inconsistent with the order vacating the judgment lien and because the trial court did not strike the investigative costs from Boyd's sentences, we reverse and remand for the trial court to strike the investigative costs and enter amended judgments and sentences. See Diaz, 901 So.2d at 311; Ortiz, 884 So.2d at 78. Boyd's sentences are affirmed in all other aspects.
Convictions affirmed; sentences affirmed in part, reversed in part, and remanded with instructions.
WALLACE, J., and DANAHY, PAUL W., Senior Judge, Concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).