988 So.2d 15 (2008)
Clarence JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-5576.
District Court of Appeal of Florida, Second District.
June 6, 2008.
Rehearing Denied August 21, 2008.
James Marion Moorman, Public Defender, and Douglas S. Connor, Assistant Public Defender, Bartow, for Appellant.
*16 Bill McCollum, Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Clarence Jones appeals from his judgment and sentences for aggravated battery on a law enforcement officer, aggravated assault with a deadly weapon, aggravated fleeing to elude, possession of cannabis with intent to sell or deliver, and felon in possession of a firearm. He raises six points on appeal. We find no merit to his arguments with the exception of those raised in point six regarding issues Jones preserved in his motion to correct sentencing errors filed under Florida Rule of Criminal Procedure 3.800(b)(2).
First, Jones correctly argues that the habitual felony offender sentencing statute exempts drug offenses of possession with intent to sell. § 775.084(1)(a)(3), Fla. Stat. (2003); Burgess v. State, 854 So.2d 754 (Fla. 2d DCA 2003); McCray v. State, 769 So.2d 1123 (Fla. 2d DCA 2000). We therefore strike the habitual felony offender designation on the sentence for count four (possession of cannabis with intent to sell).
Second, we agree with Jones's argument that the judgment contains a scrivener's error showing that he was convicted of possession of a firearm by a violent career criminal when it should have been reduced to felon in possession of a firearm.
Third, Jones also correctly argues that the trial court erroneously imposed a three-year mandatory minimum sentence for the use of a firearm without a jury finding that he actually possessed the firearm. Section 775.087(2)(a)(1), Florida Statutes (2003), enhances the sentence of a defendant who "actually possessed" a firearm during the commission of the crime. We remand for the trial court to strike the mandatory minimum provision imposed on count five because the jury verdict form does not reflect that Jones was in actual, rather than constructive, possession of the firearm as required for the enhancement. See Bundrage v. State, 814 So.2d 1133 (Fla. 2d DCA 2002) (holding that the trial court was not entitled to impose a three-year mandatory minimum sentence on a defendant convicted of possession of a firearm by a convicted felon where the jury verdict did not specifically find actual possession).
Finally, we agree that the trial court erroneously imposed certain costs and fines at sentencing. The $150 assessed for prosecution costs and the $130 assessed for investigative costs under section 938.27, Florida Statutes (2003), must be stricken because there was no request for the costs or documentation in the record to support them. See James v. State, 898 So.2d 1161 (Fla. 2d DCA 2005) (holding that the trial court erroneously imposed costs of prosecution and investigation absent proper requests and supporting documentation). The $50 fine imposed under section 775.083, Florida Statutes (2003), should also be stricken because the trial court did not make a finding on the record of Jones's ability to pay before imposing the fine. See Gonzalez v. State, 939 So.2d 224 (Fla. 2d DCA 2006) (holding that the statute in effect at that time (i.e., section 775.083(2)(b), Florida Statutes (2003)), required the court to conduct an inquiry into the defendant's ability to pay the fine before imposing it). Jones also challenges the $65 cost imposed under section 939.185, Florida Statutes (2004); however, we find no error in the imposition of that cost. See Griffin v. State, 980 So.2d 1035 (Fla.2008) (holding that the retroactive application of a statute authorizing the assessment of a cost to a *17 defendant who committed the felony prior to the statute's enactment did not violate ex post facto laws).
Accordingly, we affirm Jones's convictions but remand for the trial court to correct the judgment and sentence consistent with this opinion.
Affirmed in part, reversed in part, and remanded with directions.
VILLANTI and WALLACE, JJ., Concur.