WALLACE, Judge.
 

 Javier Tapia challenges his judgments and sentences for aggravated battery with a firearm, armed carjacking with a firearm, armed kidnapping with a firearm, and aggravated assault with a firearm. Although Mr. Tapia raises five issues on appeal, the only issue warranting discussion is his claim that the trial court erred in imposing investigative costs. We affirm Mr. Tapia’s judgments and sentences without further comment, but we reverse the imposition of investigative costs and remand for further proceedings.
 

 Mr. Tapia challenges the imposition of investigative costs authorized by section 938.27(1), Florida Statutes (2006). Mr. Ta-pia’s claim of sentencing error was preserved.
 
 See
 
 Fla. R.Crim. P. 3.800(b)(2);
 
 Jackson v. State,
 
 983 So.2d 562, 574 (Fla.2008) (explaining that rule 3.800(b) “is not limited to correcting ... errors to which the defendant had no opportunity to object” and “may be used to correct and preserve for appeal any error in an order entered as a result of the sentencing process”);
 
 Jones v. State,
 
 988 So.2d 15, 16 (Fla. 2d DCA 2008) (noting that defendant preserved the issue of the improper imposition of investigative costs by filing a rule 3.800(b)(2) motion).
 

 Section 938.27(1) provides that “convicted persons are liable for payment of the
 
 documented
 
 costs of prosecution, including investigative costs incurred by law enforcement agencies.” (Emphasis added.) The record does not reflect any supporting documentation. Therefore, we strike this cost.
 
 See Jones,
 
 988 So.2d at 16. On remand, the trial court may reimpose this cost if the statutory requirement is met.
 
 *1022
 

 See Caton v. State,
 
 862 So.2d 901, 902 (Fla. 2d DCA 2003).
 

 Affirmed in part, reversed in part, and remanded with instructions.
 

 CASANUEVA and KHOUZAM, JJ., Concur.