MORRIS, Judge.
 

 Alexis Del Valle appeals his sentences for armed kidnapping, robbery with a deadly weapon, grand theft of a motor vehicle, battery on a victim over 65, possession of cannabis, and possession of drug paraphernalia. We affirm his convictions and sentences but reverse and remand for further proceedings on costs and fees.
 

 Del Valle argues that the trial court erred in imposing $150 in prosecution costs because the costs were not requested or announced at sentencing and no documentation was presented supporting the costs. The State concedes error on this point. Del Valle preserved this sentencing error by filing a motion to correct sentencing error.
 
 See
 
 Fla. R.Crim. P. 3.800(b)(2). The trial court did not rule on the motion within 60 days; therefore, it is deemed denied. See Fla. R.Crim. P. 3.800(b)(2)(B), (b)(1)(B). Under the version of the cost statute applicable to Del Valle, Del Valle is liable for documented costs of prosecution if the documented costs were requested by the prosecuting agency.
 
 See
 
 § 938.27(1), Fla. Stat. (2007).
 
 [1]
 
 The written sentence provides that $150 was assessed for prosecution costs, but the sentencing transcript indicates that the State did not request such costs or produce documentation to support such costs. Therefore, these costs must be stricken.
 
 See James v. State,
 
 898 So.2d 1161, 1162 (Fla. 2d DCA 2005);
 
 Ortiz v. State,
 
 884 So.2d 77, 78 (Fla. 2d DCA 2004). The trial court may impose the costs on remand if
 
 *652
 
 the statutory requirements are met. See
 
 Diaz v. State,
 
 901 So.2d 310, 311 (Fla. 2d DCA 2005);
 
 Ortiz,
 
 884 So.2d at 78.
 

 Del Valle also argues that the trial court erred in imposing $110 and $40 in public defender fees because the fees were not announced at sentencing and Del Valle was not informed of his right to contest the awards. The State also concedes error on this point. The public defender fees were not announced at sentencing, and Del Valle was not advised of his right to a hearing to contest the amount of the public defender fees.
 
 See
 
 Fla. R.Crim. P. 3.720(d)(1). Therefore, the public defender fees must be stricken.
 
 See Walker v. State,
 
 660 So.2d 361, 361 (Fla. 2d DCA 1995). On remand, the trial court may reimpose the fees only if it provides Del Valle notice of its intent to do so and the opportunity to be heard at a hearing on the matter.
 
 See Bruno v. State,
 
 960 So.2d 907, 907 (Fla. 2d DCA 2007).
 

 Affirmed in part, reversed in part, and remanded.
 

 ALTENBERND and SILBERMAN, JJ., Concur.
 

 [1]
 

 . Section 938.27(1) was amended in 2008 to no longer require such costs to be documented.
 
 See
 
 ch. 2008-111, § 44, at 1198, Laws of Fla.