PER CURIAM.
Carneri Fred Shine appeals the summary denial of his motion seeking postcon-viction relief brought pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm, without comment, the postconviction court’s denial of seven of the Appellant’s nine claims. However, as to his claims that he was improperly habitualized as to counts II, III, and IV and that an illegal sentence was imposed as to count III, we reverse.
In the instant postconviction motion, the Appellant argued that he was improperly designated as a habitual felony offender (HFO) for the offenses of possession of cocaine with the intent to sell (count II), possession of cannabis with the intent to sell (count III), and possession of cocaine with the intent to sell within 200 feet of a public park (count IV). This claim has merit, as section 775.084(l)(a)(3), Florida Statutes (1999), does not permit habituali-zation for a felony “relating to the purchase or the possession of a controlled substance.” See Jones v. State, 988 So.2d 15 (Fla. 2d DCA 2008); Harris v. State, 695 So.2d 742 (Fla. 1st DCA 1996). Further, as the State concedes in its response to this Court’s Toler[1] order, though the trial court indicated that this claim was barred by collateral estoppel, the documents attached to the order of denial do not demonstrate that this issue has been litigated and determined on the merits.
Additionally, the Appellant alleged that the trial court imposed a sentence in excess of the statutory maximum as to count III. The record reflects that a 20-year habitual sentence was imposed as to this offense. However, possession of cannabis with the intent to sell is a third-degree felony punishable by a sentence of up to five years in prison. See §§ 893.13(l)(a)(2); 775.082(3)(d), Fla. Stat. (1999). Even if the HFO enhancement applied, this would only permit a 10-year prison sentence. See § 775.084(4)(a)(3), Fla. Stat. (1999). Therefore, the Appellant’s sentence appears to be illegal. As the State concedes in its response, the trial court’s order did not directly address this claim and it is not refuted by the documents attached to the order.
Accordingly, we reverse the trial court’s order as to these claims and remand for further proceedings.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
CLARK, WETHERELL, and RAY, JJ„ concur.

. Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986).