NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSEPH A. COLLINS,                        )
                                          )
          Appellant,                      )
                                          )
v.                                        )          Case No. 2D12-6123
                                          )
STATE OF FLORIDA,                         )
                                          )
          Appellee.                       )
_____)

Opinion filed August 20, 2014.

Appeal from the Circuit Court for Polk
County; John Radabaugh, Judge.

Howard L. Dimmig, II, Public Defender, and
Timothy J. Ferreri, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Christina Zuccaro,
Assistant Attorney General, Tampa, for
Appellee.


DAKAN, STEPHEN L., Associate Senior Judge.

          In this appeal brought pursuant to Anders v. California, 386 U.S. 738

(1967), counsel for Joseph Collins properly raises a minor sentencing error relating to

the costs imposed by the trial court.  See In re Appellate Court Response to Anders

Briefs, 581 So. 2d 149, 152 (Fla. 1991).  We reverse the sentences in part with regard

to the cost of prosecution and remand for further proceedings consistent with this opinion. We affirm the convictions and sentences in all other respects.

Following a jury trial, Mr. Collins was convicted of two counts of forgery, two counts of uttering a forged instrument, two counts of felony petit theft, grand theft of $300 or more, and fraudulent use of personal identification information. At the State's request, but without supporting documentation, the trial court imposed a cost of prosecution in the amount of $500. Mr. Collins filed a motion to correct sentencing error while this appeal was pending, pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), in which he raised the issue of the $500 cost of prosecution imposed without supporting documentation. The trial court failed to rule on the motion, and the same is deemed denied. See O'Neill v. State, 841 So. 2d 629, 629 (Fla. 2d DCA 2003).

Pursuant to section 938.27(8), Florida Statutes (2010):

> Costs for the state attorney shall be set in all cases at no less than $50 per case when a misdemeanor or criminal traffic offense is charged and no less than $100 per case when a felony offense is charged . . . . The court may set a higher amount upon a showing of sufficient proof of higher costs incurred.

The burden is on the State to substantiate the amount of costs incurred in excess of the mandatory statutory amount. Simmons v. State, 24 So. 3d 636, 638 (Fla. 2d DCA 2009).

It was error for the trial court to impose the $400 amount over the mandatory $100 cost of prosecution without requiring the State to provide documentation for the additional amount. See id. at 638; Diaz v. State, 901 So. 2d 310 (Fla. 2d DCA 2005). Accordingly, we reverse this portion of the sentences, affirm in all other respects, and remand for further proceedings. We note that the additional amount

may be reimposed if the State complies with the procedural requirements of the statute. See Simmons, 24 So. 3d at 638.

Convictions affirmed, sentences affirmed in part and reversed in part, and remanded with directions.

VILLANTI and CRENSHAW, JJ., Concur.