NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANTHONY C. MATTHEWS,      )
)
        Appellant,      )
)
v.      )      Case No. 2D13-5484
)
STATE OF FLORIDA,      )
)
        Appellee.      )
)

Opinion filed August 7, 2015.

Appeal from the Circuit Court for
Hillsborough County; Chet A. Tharpe,
Judge.

Howard L. Dimmig, II, Public Defender, and
Terrence E. Kehoe, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Bilal A. Faruqui and Dawn
A. Tiffin, Assistant Attorneys General,
Tampa, for Appellee.


LUCAS, Judge.


      Anthony C. Matthews appeals his convictions and sentences for his

December 2012 crimes of kidnapping, carjacking, attempted robbery, and four counts of

sexual battery.  Mr. Matthews raises several issues on appeal.  We affirm in all

respects; however, on the State's concession of error, we conclude that certain costs must be stricken from his sentencing documents.

The trial court incorrectly imposed three costs. First, it imposed a cost of $100 pursuant to section 938.10(1), Florida Statutes (2012), which mandates costs if a person is found guilty of an offense against a minor in violation of chapter 794. Although Mr. Matthews was convicted of sexual battery under chapter 794, Mr. Matthews' victim was not a minor. Thus, section 938.10(1) is inapplicable, and the imposition of that cost was improper. See Gonzalez v. State, 40 So. 3d 60, 62 (Fla. 2d DCA 2010). Second, the trial court imposed costs for the state attorney of $150 pursuant to section 938.27(8), Florida Statutes (2012). The burden is on the State to substantiate the amount of costs incurred in excess of the mandatory statutory amount of $100. Collins v. State, 145 So. 3d 930, 931 (Fla. 2d DCA 2014). Mr. Matthews is correct that the State never sought an amount above the mandatory statutory cost; therefore, the imposition of the additional $50 of that cost was improper. See id. Lastly, the trial court imposed a total cost of $152 pursuant to section 938.085, Florida Statutes (2012). That statute, though, does not authorize any cost above $151. Therefore, the additional $1 imposed was above the amount authorized under the statute.

Affirmed but remanded for corrections as to costs consistent with this opinion.

SILBERMAN and MORRIS, JJ., Concur.