NYLES WALKER        *       NO. 2020-CA-0331

VERSUS               *

                         COURT OF APPEAL

GOAUTO INSURANCE     *

COMPANY, JAMES RIVER            FOURTH CIRCUIT

INSURANCE, RAISER, LLC    *

AND JOY BRUE                STATE OF LOUISIANA

                 * * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-01779, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
**JUDGE JAMES F. MCKAY III**
**CHIEF JUDGE**
* * * * * *

(Court composed of Chief Judge James F. McKay III, Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins)

CARL RACHAL
1031 Camellia Boulevard
Lafayette, Louisiana 70508
      COUNSEL FOR PLAINTIFF/APPELLANT

KEVIN F. TRUXILLO
ANNISSA M. ALARIO
GARRISON, YOUNT, FORTE & MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
      COUNSEL FOR DEFENDANT/APPELLEE JAMES RIVER
      INSURANCE COMPANY

DAWN DANNA MARULLO
ASHLEY M. DEMOUY
NICHOLAS J. SMELTZ
616 Girod St.
New Orleans, Louisiana 70130
      COUNSEL FOR DEFENDANT/APPELLEE GOAUTO INSURANCE
      COMPANY

**REVERSED AND REMANDED**

**JUNE 10, 2021**

JFM
DLD
SCJ

Nyles Walker ("plaintiff"), appeals the judgment of the District Court sustaining the defendants'/appellees' Exception of Insufficiency of Service of Process and Citation, and dismissing the claims against GoAuto Insurance Company and James Rivers Insurance Company, Raiser LLC and Joy Bruhe ("defendants") without prejudice. Finding no basis for sustaining these exceptions, we reverse the District Court's judgment and remand the matter for further proceedings consistent with this opinion.

**FACTS AND PROCEDURE**

On February 24, 2017, an automobile accident occurred on South Claiborne Avenue in the City of New Orleans, when plaintiff was rear-ended by a car driven by Joy Bruhe. As a result of this accident, the plaintiff sustained injuries. Joy Bruhe was driving within the course and scope of her employment with Raiser LLC, which was insured by James Rivers Insurance Company.

On February 23, 2018, the plaintiff filed his petition for damages *via* facsimile in Civil District Court for the Parish of Orleans. In the petition, the

1

plaintiff **requested service** on all the defendants named in the petition: GoAuto Insurance Company, James River Insurance Company, Raiser LLC and Joy Bruhe.

On February 26, 2018, the original petition for damages was forwarded *via* Federal Express overnight shipping, to the Clerk of Court for Civil District Court ("Clerk of Court"), which was delivered on February 27, 2018. The appellant, in his original petition requested to proceed *in forma pauperis* [1] On or about March 12, 2018, the Clerk of Court informed plaintiff's counsel ("counsel") that the *in forma pauperis* application was denied.

On March 19, 2018, the Clerk of Court sent counsel a notification that $670.00 was due for court costs, and further apprised counsel that those costs were due within seven (7) business days from the date of that correspondence. Upon receiving this correspondence, on March 26, 2018, counsel forwarded the Clerk of Court, *via* Federal Express overnight delivery, a law firm check #2123 in the amount of $670.00. The Clerk of Court received the check on March 27, 2018; the check cleared counsel's account on April 2, 2018. However, service on the defendants, as requested in the original petition for damages filed on February 23, 2018, was never effectuated. It is important to note that at no time did the plaintiff request to withhold service of citation on the defendants.

Approximately one year later, despite counsel's numerous inquiries to the Clerk of Court concerning the status of the services of process upon the named defendants, the Clerk of Court informed counsel that the original petition for

_____

[1] La. C.C.P. art. 5181 *et seq.*

2

damages was being held by the Orleans Parish Sheriff's Office because there were funds due to the Sheriff's Office to cover service fees. Following this notification, counsel was advised of the amounts of additional service fees that were due (presumably to the Sheriff); the record is unclear when counsel received this information.[2] On April 16, 2019, counsel forwarded checks payable to the Louisiana Secretary of State ($50.00), Orleans Parish Sheriff's Office, ($120.00), and the East Baton Rouge Parish Sheriff's Office ($118.00).

On September 10, 2019, again after previously making numerous calls to the Clerk of Court and the Orleans Parish Sheriff's office, counsel realized that no service had ever been effectuated despite the payments for additional services being made. Finally, after sending a letter to the Clerk of Court requesting that service on the defendants be re-issued, on or about September 19, 2019, service on the defendants was finally effected.

In response to receiving service of citation of plaintiff's original petition for damages, the defendants filed their respective Declinatory Exceptions of Insufficiency of Service of Process and Citation of Service, pursuant to La. C.C.P. art. 925(A)(2). On January 24, 2020, following a hearing on the exceptions, the District Court sustained the defendants' exceptions, opining that the plaintiff had failed to timely request service of process on the defendants. It is from this judgment that the appellant asserts his appeal.

---

[2] La. R.S. 13:5530, "Fees in civil matters", allows the sheriffs the authority to collect fees for their services. However, the mode and timing of collection is not specifically addressed in the statute.

3

**STANDARD OF REVIEW**

Appellate courts review a dismissal of an action for failure to timely request service under a manifest error standard. *Macquet v. Westbay*, 2019-1093, p. 2 (La. App. 4 Cir. 7/15/20) 302 So.3d 564,565 (citing *Llopis v. Louisiana State Bd. Of Dentistry*, 2013-0659, p. 5 (La. App. 4 Cir. 6/11/14), 143 So.3d 1211. 1214).

**ASSIGNMENT OF ERROR**

In his sole assignment of error, plaintiff asserts that the District Court committed reversible error by granting the defendants' Declinatory Exceptions of Insufficiency of Service of Process and Citation of Service.

**DISCUSSION**

The crux of the matter in this appeal is purely procedural; specifically, timeliness issues and what constitutes a request for service of process pursuant to La. C.C.P. art 1201(C).

The defendants, in their Declinatory Exceptions of Insufficiency of Service of Process and Citation of Service, allege that the plaintiff failed to request service of process within ninety-days days from the filing of the lawsuit and further that the plaintiff failed to timely pay the court costs once the *in forma pauperis* status was denied.

On February 23, 2018, the plaintiff filed the original petition for damages, against the named defendants *via* facsimile and forwarded a hard copy *via* Federal Express overnight to the Clerk of Court. The plaintiff in his original petition for damage attached (included) a request and affidavit to proceed *in forma pauperis*,

4

and a request for service on all defendants which included an attachment that included with specificity the defendants' names and known addresses.

On March 12, 2018, the Clerk of Court notified the plaintiff that his request to proceed *in forma pauperis* was denied. Additionally, the Clerk of Court sent counsel an invoice for court cost and informed him that the costs were due within seven (7) days. We note that the correspondence sent to counsel did not include the amount due to the Sheriff or even give notice to the plaintiff that there were Sheriff's cost/fees due separate and apart from the amount quoted. Relying on the Clerk of Court's correspondence, counsel sent the full amount of the cost/fees due *via* Federal Express overnight mail; the Clerk of Court received the checks on March 27, 2018 and cleared counsel's office account on April 2, 2018.

The applicable statutes in this matter are La. C.C.P art. 1201(C) and La. C.C.P art. 1672.

La. C.C.P art. 1201(C) (Service of Process) provides in pertinent part:

> Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety-days of filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver. The requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a declinatory exception of service of process specifically alleging the failure to timely request service of citation.

La. C.C.P. art. 1672 (c) (Involuntary Dismissal) provides in pertinent part:

> A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or

3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specific time.

Notably, regarding the ninety-day notice requirement, this Court has indicated that "[t]he purpose of the requirement that service be requested within 90 days of the suit's commencement is to insure that the defendant receives notice of the suit within a reasonable time after it has been commenced". *Anderson v. Norfolk Southern Railway Company*, 2002-0230, p. 4 (La. App. 4 Cir. 3/27/02), 814 So.2d 659, 661.

La. C.C.P. art 1201(C) requires that service of citation be requested on all named defendants within ninety-days of commencement of action. La. C.C.P. art 1672(C) mandates that an action be dismissed if good cause is not shown why service of the citation is not requested within the ninety-day period provided in La. C.C.P. art 1201(C). Moreover, our courts have held that simply requesting service and providing service instructions without payment is not a request for service sufficient for compliance with La. C.C.P. art. 1201(C). *Jenkins v. Larpenter*, 2004-0318, pp. 4-5 (La. App. 1 Cir. 3/24/05), 906 So.2d 656, 659; *Ayers v. Goodwill Industries*, 2003-1576, p. 2 (La. App. 4 Cir 3/10/04), 870 So.2d 348, 349.[3]

---

[3] For clarification and to distinguish applicable jurisprudence concerning the issue of what satisfies the statutory requirement of "request" for service, we note that an abundance of cases involve service of citation on the State, State Agency or Agent pursuant to La. R.S. 13:5107 (D)(1)), specifically when referring to the requirement to request service of citation within the ninety-day requirement. This is analogous to the case *sub judice* concerning La. C.C.P. art. 1201.

In both *Jenkins* and *Ayers*, as in the case *sub judice*, the plaintiffs requested service of the petition on the defendants and simultaneously filed a request to proceed *in forma pauperis*. In *Jenkins* and *Ayers*, *in forma pauperis* status was denied by the District Court, however, in each of those cases, the plaintiffs failed to timely pay the fees after receiving the notice that the *in forma pauperis* was denied. Plaintiffs simply did not pay the requisite court costs, therefore, service was not effectuated. In both cases, the defendants' motions for involuntary dismissal were granted on the basis of plaintiffs' non-compliance with the ninety-day service mandated by La. C.C.P. art. 1201(C).

Notably, in the case *sub judice*, unlike *Jenkins* and *Ayers*, counsel timely paid the cost ($670.00), which the Orleans Parish Clerk of Court stipulated to counsel was due. Also unlike the plaintiffs in *Jenkins* and *Ayers*, here, the plaintiff timely forwarded payment to the Clerk of Court after receiving notice of the denial of his request to proceed to proceed *in forma pauperis*. Again, we note that here service on all defendants was properly requested on all named defendants in the petition for damages.

This Court addressed an issue analogous to the case at bar in *Parker v Rite Aid Corp*, 2003-0208, pp. 1-2 (La. App. 4 Cir. 6/26/03) 843 So.2d 1140-1141, wherein the plaintiff/respondent did not deliver a payment for service of the petition to the civil sheriff as was the custom with the Orleans Parish Civil Sheriff. In *Parker*, this Court held that:

> The precise issue before us is to whom must the request for service be made, for neither La. C.C.P.art 1201(C) nor La. C.C.P. art 1672 (C) mandates to whom the request for service should be made.

Under La. C.C.P. art 1202, the clerk must issue the citation under the clerk's signature and seal of the court. (A citation must accompany a certified copy of the petition in order to complete the citation and service.)  It therefore follows that the initial request for service should be made to the clerk of court, not the civil sheriff.  The plaintiff/respondent in the case at bar made the request for service to the clerk of court at the time of filing his petition.  The requirements of La. C.C.P. arts 1201(C) and 1672 (C) have been met.

Accordingly, we find that the plaintiff/respondent timely made a request for service of the petition.  The trial court did not err.

*Id*.

While *Parker* was a writ opinion, it is dispositive of the issue before

us in the case *sub judice*.

In *Tranchant v. State*, 2008-0978, p. 7 (La. 1/21/09), 5 So.3d 832, 836, the

Louisiana Supreme Court said that:

To resolve the legal question presented by this case, we must determine what is required to constitute a request for service. Generally, a request is made when asks someone for something. Here, plaintiff asks the clerk to serve the persons named as defendants in a lawsuit.  The clerk cannot act to effect service until he is aware of what is being asked of him.  In our view, the ordinary meaning of the word "request," without  more, contemplates a two-party transaction involving one who asks that something be done and one who does what is asked,  Thus for purposes of La. R.S. 13:5017 (D)(1), service of citation should be deemed "requested" when the clerk receives service instructions from the plaintiff.

In *Red Stick Studio Dev., L.L.C. v. State ex rel. Dept. of Econ. Dev.*, 2010-

0193, p.10 (La 1/19/11), 56 So.3d 181, 187-88, (citing *M.J.Farm, Ltd. v. Exxon*

*Mobile*, 2007-2371, p.3 (La. 7/1/08) 988 So.2d 16, 27), the Louisiana Supreme

Court on the issue of statutory interpretation said that:

The starting point in the interpretation of any statute begins with the language of the statute itself.  When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the legislative intent.

8

Here, the statute is unambiguous and only requires that service be requested.

We note here that *Tranchant* originated in Orleans Parish District Court where the District Court sustained the defendant's Declinatory Exception of Insufficiency of Service of Process. On appeal, this Court reversed that judgment, only to be reversed by the Louisiana Supreme Court. The facts in *Tranchant* are substantially different from the case at bar. In *Tranchant*, the request for service of citation was received by the Clerk of Court more that ninety days from the filing of the original petition for damages. The pronouncement in Tranchant that "service of citation should be deemed 'requested' " when the clerk receives service instructions from the plaintiff" is dispositive as applied to the case at bar. *Tranchant* is authoritative in its clarification of what is a timely "request" relevant La. C.C.P. art 1201(C). [4]

In the instant matter, following the pronouncements in *Parker*, *Anyanwu*, and *Tranchant*, and in accordance with La. C.C.P. art 1201, service of process was timely requested. The above jurisprudence makes it clear that the plaintiff timely requested service of citation on the defendants in compliance with La. C.C.P. art 1201(C).

**CONCLUSION**

---

[4] Another case on point with this position is an opinion from our brethren at the Louisiana First Circuit Court of Appeals, *Anyanwu v. University Mecical Management Corp.*, 2015-0066, p.2 (La. App 1 Cir. 9/21/15), ____So.3d____, 2016, 2015 WL 5547480 (unpub.). In this case, the plaintiff contended that the trial court erred in finding that the service of citation was not requested timely because the service fees were not paid at the time of filing. The plaintiff argued that since the original petition and filing fees were received by the Clerk of Court within the ninety-days, the duty imposed by La. R.S. 13:5107 (D)(1) was met. The *Anyanwu* Court noted:"To determine whether plaintiff timely requested service of citation, we must ascertain what constitutes a 'request' for service of citation pursuant to La. R.S. 13:5107 (D)." The court looked to *Tranchant*. The *Anyanwu* Court ultimately applied the facts to the clarification of the meaning of "request," and reversed the district court, finding that a request for service citation on the sheriff satisfied the requirements of the statute.

The record reflects that counsel continually corresponded with the Clerk of Court's office and the Sheriff concerning the issues of cost and service but he failed to receive competent instructions. Thus, we find that counsel's initial request for service of process complied with La. C.C.P. art. 1201. That is, plaintiff satisfied the requisite "request" for service pursuant to La. C.C.P art 1201. Thus, we need not address the determination of "good cause", pursuant to La. C.C. art. 1672.

Therefore, balancing equity, justice and the applicable jurisprudence, we find that under the particularized circumstances of this case, the District Court erred in granting the exceptions of Insufficiency of Service of Process and Citation of Service.

For the reasons state above, we reverse the ruling of the District Court and remand for further proceedings.

**REVERSED AND REMANDED**