870 So.2d 348 (2004)
Elva AYERS
v.
GOODWILL INDUSTRIES, a/k/a Goodwill Industries of Southeastern Louisiana, Inc.
No. 2003-CA-1576.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 2004.
Norman Mopsik, William G. Legrand, New Orleans, LA, for Plaintiff/Appellant.
Mandy A. Goldman, R. Todd Musgrave, Musgrave, McLachlan & Penn, L.L.C., New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, and Judge MICHAEL E. KIRBY).
CHARLES R. JONES, Judge.
This appeal arises out of an action for damages resulting from a slip and fall. The appellant, Elva Ayers (hereinafter "Ms. Ayers") appeals the district court judgment granting the motion to dismiss in favor of the appellee, Goodwill Industries (hereinafter "Goodwill"). For the reasons assigned, we affirm the judgment of the district court.

Procedural History
On October 4, 1999, Ms. Ayers filed a Petition for Damages against Goodwill Industries *349 arising out of a slip and fall. The petition included service instructions for Goodwill through its agent for service of process. An in forma pauperis application was filed along with the petition; however, on October 8, 1999, the in forma pauperis request was denied as "incomplete" by the district court. As a result, court costs for filing and service were not paid, and Goodwill was not served. Ms. Ayers claims that she was unaware of the denial of the in forma pauperis request. Ms. Ayers did not request service again until February 24, 2003. Service was thereafter made on Goodwill on February 27, 2003.
Goodwill filed a Motion to Dismiss based on Ms. Ayers' failure to serve Goodwill within 90 days of filing the Petition for Damages, pursuant to La. C.C.P. articles 1201(C) and 1672(C). The district court granted Goodwill's motion and dismissed Ayers' claims without prejudice. The devolutive appeal of the judgment granting Goodwill's motion to dismiss is the subject of the matter before this Court.

Discussion
Pursuant to La. C.C.P. art. 1201(C), "[s]ervice of the citation shall be requested on all named defendants within ninety days of the commencement of the action." If service is not requested within the time period provided by La. C.C.P. art. 1201(C), La. C.C.P. art. 1672(C) mandates that the action be dismissed without prejudice, "unless good cause is shown why service could not be requested." "Good cause" is not defined by article 1672(C). However, it is well established in our jurisprudence that mere confusion regarding a party's correct name or inadvertence or mistake in requesting service on the part of the plaintiff's counsel is not a sufficient basis for good cause. Norbert v. Loucks, 01-1229 (La.6/29/01), 791 So.2d 1283; Lewis v. Spence, 00-0648 (La.App. 2 Cir. 11/02/00), 772 So.2d 354; Anderson v. Norfolk Southern Railroad Co., 02-0230 (La. App. 4 Cir. 3/27/02), 814 So.2d 659.
In the instant case, Ms. Ayers' sole explanation for her failure to request service within ninety days of the filing of the petition is that she, or her counsel, was unaware that the in forma pauperis request had been denied. Apparently, Ms. Ayers' counsel assumed, without checking the district court record, that no filing fee was due, and that service of process would be made as requested. The record reflects that more than three years passed between the filing of the petition and service of the petition on Goodwill. Moreover, Ms. Ayers took no action on the record during this entire period of time. Under the circumstances, we find that this type of inadvertence or mistake is clearly not "good cause" for the failure to request service within ninety days. Accordingly, we conclude that the district court properly dismissed Ms. Ayers' claims pursuant to La. C.C.P. articles 1201(C) and 1672(C).

DECREE
For the reasons stated herein, the district court judgment granting Goodwill Industries' motion to dismiss is affirmed.
AFFIRMED.