906 So.2d 656 (2005)
Tommie T. JENKINS, Jr.
v.
Jerry J. LARPENTER, Belvin J. McKinley, Clarence Jones, Clint Johnson, Richardo R. Johnson, and Terrebonne Parish Sheriff's Office.
No. 2004 CA 0318.
Court of Appeal of Louisiana, First Circuit.
March 24, 2005.
Writ Denied June 17, 2005.
*657 Gerald P. Aurillo, Metairie, Counsel for Plaintiff/Appellant Tommie T. Jenkins, Jr.
William F. Dodd, Houma, Counsel for Defendant/Appellee Jerry J. Larpenter, Sheriff for the Parish of Terrebonne.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
GAIDRY, J.
Appellant appeals the dismissal of his suit for failure to timely request service on the defendants. Having reviewed the record and the applicable law, we affirm.

PROCEDURAL HISTORY
On January 14, 2002, Tommie T. Jenkins, Jr. filed a personal injury suit against Jerry J. Larpenter, as Sheriff of Terrebonne Parish; the Terrebonne Parish Sheriff's Office; and four other defendants,[1] based on injuries he sustained on January 18, 2001, while confined in the Terrebonne Parish Criminal Justice Complex. In his petition, Jenkins alleged that he was "without funds and ... unable to prepay court costs or as they accrue or provide funds for bonds for costs." He requested that Sheriff Larpenter and the Terrebonne Parish Sheriff's Office be served with a copy of the petition, but that service be withheld on all other defendants. Attached to the petition was a signed pauper application. Jenkins's request to proceed in forma pauperis was denied by order of the trial court on January 17, 2002, and notice of the order was sent on January 23, 2002. As a result of the court's denial of his request to prosecute the suit in forma pauperis, service was not made.
On January 22, 2003, Sheriff Larpenter filed a motion for involuntary dismissal pursuant to La. C.C.P. art. 1672(C), based on Jenkins's failure to timely request service as prescribed in La. C.C.P. art. 1201(C) and La. R.S. 13:5107(D). Larpenter also filed a declinatory exception raising the objection of insufficiency of service of process, wherein he contended and attached proof that Jenkins did not again request service until January 10, 2003, on which date service was effected.
A joint hearing on the motion and exception was held, and by judgment dated July 11, 2003, the trial court dismissed Jenkins's suit without prejudice. Following the denial of his motion for new trial, Jenkins moved for an order of devolutive appeal, which was granted by the trial court.

ASSIGNMENTS OF ERROR
By this appeal Jenkins raises the following assignments of error:
1. The trial court erred in finding that plaintiff's request for service in the original petition did not constitute a "request" that satisfied the requirements of La. C.C.P. art. 1201(C) and La. R.S. 13:5107(D).
2. The trial court erred in redefining the word "request" to mean more *658 than the ordinary meaning of the word.
3. The trial court erred in granting defendant's Exception of Insufficiency of Service of Process and Motion for Involuntary Dismissal.
4. The trial court erred in denying plaintiff's motion for new trial.

DISCUSSION
Article 1672(C) of the Louisiana Code of Civil Procedure mandates that an action be dismissed if good cause is not shown why service of the citation is not requested within the ninety-day time period provided in La. C.C.P. art. 1201(C). Ayers v. Goodwill Industries, 03-1576, p. 2 (La.App. 4th Cir.3/10/04), 870 So.2d 348, 349. Since the Sheriff of Terrebonne Parish is an officer of the parish, a political subdivision, the provisions of La. R.S. 13:5107(D) apply to this matter:
(1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.
In Ayers, 03-1576 at p. 2, 870 So.2d at 349, the Fourth Circuit found that requesting service and providing service instructions without payment is not a request for service under La. C.C.P. art. 1201(C), and the professed lack of knowledge that a pauper application has been denied is not "good cause" for not making the request for service within the required time period.
In Tenney v. Burlington Northern & Santa Fe Railway, 03-1260, p. 4 (La.1/21/04), 863 So.2d 526, 528, the Supreme Court held that the timely filing of a "proper application" to proceed in forma pauperis satisfies La. R.S. 13:850(B)'s requirement of payment of filing fees within five days for a facsimile filing. According to La. C.C.P. art. 5185(A)(1), when an "order of court" permits a party to litigate in pauper status, he is entitled to all the services required by law of a sheriff, clerk of court, and other public officers in the proceeding, including "issuance and service" of process, without advance payment of costs. In Tenney, the court found that the plaintiff had not made a proper request for pauper status and that therefore her filing had no force and effect under La. R.S. 13:850(C).
A proper pauper status request is but part of the requirements under La. C.C.P. art. 5181, et seq., the provisions governing the waiver of advance payment of costs. It is not until there is an order of the court establishing pauper status that the party is entitled to all "services" as *659 noted in La. C.C.P. art. 5185. If a pauper status request is denied, it is incumbent on the plaintiff to pay all fees required, including those necessary to effect service.
We find that a request for service without payment of required fees, or without leave of court excusing such payment because of pauper status, simply is no proper request at all. The articles requiring that service be requested within ninety days would be rendered meaningless if a non-pauper plaintiff could include a paragraph in his petition "requesting" service, but not actually pay the fee required for service to be effected. Even if the 90-day deadline was tolled until the denial of his request for pauper status, Jenkins failed to pay the required fee for well over ten months after being notified of that denial, and no good cause was shown for such failure. See Ayers, 03-1576 at p. 2, 870 So.2d at 349. Thus, he did not request service within the ninety-day period, and the trial court was therefore correct in dismissing his petition.

CONCLUSION
For the above reasons, we affirm the judgment of the trial court and assess all costs of this appeal to plaintiff, Tommie T. Jenkins, Jr.
AFFIRMED.
GUIDRY, J., dissents and assigns reasons.
GUIDRY, J., dissenting.
The statutes at issue, La. C.C.P. art. 1672(C) and La. R.S. 13:5107(D), only require dismissal of an action if good cause is not shown why service of the citation is not requested within the ninety-day time period provided in La. C.C.P. art. 1201(C). A plain reading of the statutory provisions reveals that all that is required for compliance is that service be requested. Neither statute requires actual service within ninety days of the filing of the original petition. Lockett v. Reese, 04-0328, p. 5 (La.App. 4th Cir.4/28/04), 874 So.2d 913, 916. However, the majority holds that a request for service without the payment of costs is not a request. That conclusion is contrary to the plain reading of the statutory provisions governing this matter.
Interpreting La. R.S. 13:5107, this court has held that a valid and effective "request" asking the Clerk of Court to perfect service requires the receipt of the request by the Clerk of Court's office, Rollins v. City of Zachary, 00-0160, p. 5 (La.App. 1st Cir.2/16/01), 808 So.2d 439, 443, and must name the proper party or agent for service of process. Thomas v. Louisiana Department of Public Safety and Corrections, 02-0897, p. 7 (La.App. 1st Cir.3/28/03), 848 So.2d 635, 639. See also Barnett v. Louisiana State University Medical Center-Shreveport, 02-2576, p. 1 (La.2/7/03), 841 So.2d 725, 726. The pertinent statutory provisions do not provide that payment of any related filing fees and costs must be made within a stipulated time period.
I believe that the majority errs in failing to apply the law as written and in essentially rewriting the law to effect a purpose that is not otherwise expressed in the statutes at issue. See Naquin v. Titan Indemnity Co., 00-1585, p. 9 (La.2/21/01), 779 So.2d 704, 710. Had the legislature wanted to require a plaintiff to pay any applicable filing fees or be granted pauper status within the stipulated time period in order for the service request to be valid, it could have so provided. See e.g., La. R.S. 13:5107.[1] Having failed to do so, our *660 courts should not expansively interpret La. R.S. 13:5107 and La. C.C.P. art. 1672 to so provide. See Jacobs v. Coca-Cola Bottling Company, 37,775, p. 9 n. 3 (La.App. 2nd Cir.10/20/03), 859 So.2d 250, 255 n. 3, writ denied, 03-3183 (La.2/6/04), 865 So.2d 725; see also Naquin, 00-1585 at 9-10, 779 So.2d at 710. Thus, I respectfully dissent from the majority opinion finding that a request for service without the payment of related filing fees and costs is not a request pursuant to the provisions of La. R.S. 13:5107 and La. C.C.P. art. 1672.
NOTES
[1] Although not essential to our holding herein, we note that there is no actual entity known as the "Terrebonne Parish Sheriff's Office," as distinct from the Sheriff himself. The remaining defendants were individuals who were allegedly confined in the jail cell with Jenkins on January 18, 2001, and who allegedly "viciously attacked and beat" him while so confined.
[1] Even the Louisiana Supreme Court, in construing La. R.S. 13:850 (which expressly provides a time limitation in which fees must be paid), held that when a party becomes responsible for payment of the applicable fees upon the trial court's denial of a request for pauper status, then the trial court should issue an order granting the party a reasonable delay within which to pay the fees; only if the party fails to pay the fees within the given delay should the filing be deemed to have no effect. Tenney v. Burlington Northern & Sante Fe Railway Co., 03-1260, p. 4 n. 3 (La.1/21/04), 863 So.2d 526, 528 n. 3.