JAMES F. McKAY III, Judge.
|, The appellant, Andrea Joseph, seeks review of the judgment of the trial court maintaining the exception of prescription, the exception of insufficiency of service of process, and the motion for involuntary dismissal filed by Otis Elevator Company (Otis). For the following reasons, we affirm.
STATEMENT OF FACTS/PROCEDURAL HISTORY
On August 1, 2002, Mrs. Joseph filed a petition for damages, alleging that she was injured on August 1, 2001, when her head was struck while she was loading or unloading an elevator at work for the United States Postal Service.
In her petition for damages, Mrs. Joseph named as defendants Elite Elevator Service (Elite); Elite’s insurer, North American Risk Services (North American); and XYZ Elevator Manufacturer.
While the instant appeal involves the exceptions filed by Otis, a brief history of the case as it involves the other defendants will be presented as our decision requires consideration of the entirety of the record.
Mrs. Joseph filed an informa pauperis application, which the trial court granted on April 14, 2003.
hNorth American filed a motion for summary judgment alleging that it was not the insurer of Elite as alleged by Mrs. Joseph in her petition for damages. On May 7, 2004, the trial court granted the motion for summary judgment, dismissing all of plaintiffs claims against North American.
*754 Elite filed a motion for summary judgment. Elite argued that Mrs. Joseph would not be able to carry her burden of proof as there was no evidence of a previous accident with the elevator gate which allegedly struck Mrs. Joseph, that there was no notice of any alleged problem with the elevator gate, that there was no evidence that Elite negligently serviced the elevator, and/or that there was no evidence of any defect in the elevator gate.
Mrs. Joseph opposed Elite’s motion for summary judgment. Therein, Mrs. Joseph stated that, “Elite Elevator provided an on-site inspector and repairman for the elevators serving the Postal Service at the Loyola location. Since Elite Elevator Service has maintenance control over the elevator that malfunctioned and injured plaintiff, the plaintiff now brings this action against Elite Elevator Service.”
After a hearing, the trial court, on November 15, 2004, granted the motion for summary judgment filed by Elite, dismissing all of Mrs. Joseph’s claims against Elite.
On July 21, 2006, Mrs. Joseph filed a first supplemental and amended petition for damages. Therein, Mrs. Joseph named Otis as the manufacturer of the elevator which caused injury to Mrs. Joseph on August 1, 2001. The first supplemental and amended petition requested service on Otis.
The service return indicated that Otis received service of the original petition for damages on February 24, 2011. Further, the service return indicated that Otis ^received service of the first supplemental and amended petition for damages on March 23, 2011.
In response, Otis filed an exception of insufficiency of service of process and motion for involuntary dismissal pursuant to La. C.C.P. art. 1672(C). Otis additionally filed an exception of prescription.
On July 11, 2011, the trial court issued a judgment maintaining the exception of prescription, the exception of insufficiency of service of process, and the motion for involuntary dismissal pursuant to La. C.C.P. art. 1672(C) filed by Otis. The trial court dismissed all of Mrs. Joseph’s claims against Otis with prejudice.
PEREMPTORY EXCEPTION OF PRESCRIPTION
As a general rule, prescription statutes are to be strictly construed against the application of prescription. In re Medical Review Panel Proceedings of Berry, 09-0752 (La.App. 4 Cir. 1/27/10), 30 So.3d 251; Williams v. Earl K. Long Medical Center, 2009-1483 (La.App. 4 Cir. 5/28/10), 40 So.3d 412, 416, is a recent statement of this black-letter legal principle. In this instance, the applicable prescription statute is La. C.C. art. 3492. La. C.C. art. 3492 provides that a tort claim is subject to a one-year prescriptive period commencing from when the injury or damage is sustained. As a general rule, the party pleading prescription bears the burden of proving the plaintiffs claim has prescribed; however, when a claim has prescribed on its face, the burden shifts to the plaintiff to demonstrate prescription was suspended or interrupted. In re Medical Review Panel for the Claim of Moses, 2000-2643, p. 6 (La.5/25/01), 788 So.2d 1173, 1177; Lopez v. House of Non-Denomination Ministries, 2009-1147 (La.App. 4 Cir. 1/13/10), 29 So.3d 680, 681.
|4Here, Mrs. Joseph alleged that she sustained an injury on August 1, 2001. Mrs. Joseph named Otis as a defendant on July 21, 2006, more than one year after the injury was sustained. Thus, the claim is prescribed on its face.
*755 In support of her assertion that the trial court erred in granting the exception of prescription, Mrs. Joseph argues that the filing of the first supplemental and amended petition related back to the filing of the original petition on August 1, 2002. The code article stating that an amendment to a petition relates back to an earlier filing is La. C.C.P. art. 1153, which provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
Mrs. Joseph further cites Raziano v. Lincoln Property Co., 520 So.2d 1213 (La.App. 5 Cir.1988), in support of her argument that the first supplemental and amended petition relates back to the petition filed on August 1, 2002. Particularly, Mrs. Joseph points to the language in Ra-ziano which cites La. C.C.P. art. 5051. La. C.C.P. art. 5051 provides that the articles of the Code of Civil Procedure are to be construed liberally, with due regard for the fact that the rules of procedure implement the substantive law. Id., 520 So.2d at 1217. (Internal citations omitted.). Further, Mrs. Joseph argues that prescription statutes are to be strictly construed against prescription and in favor of the obligation sought to be extinguished by it. Id.
Even so, Mrs. Joseph ignores the portion of Raziano which discusses the four factors to be considered under La. C.C.P. art. 1153. While the Raziano court applied those factors to an amendment which added a new plaintiff, courts have held that those factors are to be examined when considering an amendment that ^changes the identity of a defendant. In Hodges v. Republic Western Ins. Co. 2005-0245 (La. App. 4 Cir. 12/14/05), 921 So.2d 175, 178, quoting Ray v. Alexandria Mall, 434 So.2d 1083, 1087 (La.1983), this Court outlined the criteria adopted by the Louisiana Supreme Court for determining whether an amendment under La. C.C.P. art. 1153 that changes the identity of a defendant will be allowed to relate back:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; and
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have prescribed.
Mrs. Joseph is correct that the claim presented in the first supplemental and amended petition arises out of the same transaction or occurrence detailed in the original petition.
Mrs. Joseph asserts that Otis has been involved since the inception of the suit and that they have garde of the elevator which caused the injuries. However, the record lacks evidence that Otis received notice of the institution of the suit such that Otis will not be prejudiced in maintaining a defense. The only evidence in the record that Otis received notices of the institution of this suit are dated February 24, 2011 and March 23, 2011, over nine years after the injuries were sustained. Mrs. Joseph asserts that Otis is not prejudiced by the amendment. Yet, if Otis ^conducted an *756 inspection of the elevator at this time, the results would be stale. There is no evidence in the record to support Mrs. Joseph’s assertions.
Further, there is no proof in the record that Otis knew that but for a mistake concerning the identity of the named defendant, the action would have been brought against Otis.
Lastly, Otis is a wholly new and unrelated defendant. Indeed, an employee of Elite, Willie Pitford, stated in his affidavit, attached to Elite’s motion for summary judgment, that Elite entered into a service contract with the United States Postal Service. There is no evidence in the record that Otis and Elite were related.
Thus, we find that the first supplemental and amended petition does not relate back to the filing of the original petition.
Mrs. Joseph asserted that the same parties are involved in the two petitions as the first supplemental and amended petition merely substitutes the previously named “XYZ Elevator Manufacturer” with Otis. Mrs. Joseph contends that Otis was named once its identity was made known. However, “prescription is not interrupted as to an actual defendant when only a fictitious defendant is named in a petition, unless prescription is interrupted by some other means.” Gallina v. Hero Lands Co., 2003-0331, p. 14 (La.App. 4 Cir. 10/7/03), 859 So.2d 758, 767, n. 6, quoting Hill v. Shell Oil Co., 99-1322, p. 4 (La.App. 5 Cir. 4/25/00), 760 So.2d 511, 512-13. Thus, substituting Otis for “XYZ Elevator” is not sufficient to interrupt prescription, as no other means for interruption exists in this case.
Thus, we find no error in the trial court judgment granting the exception of prescription.
^EXCEPTION OF INSUFFICIENCY OF SERVICE/MOTION FOR INVOLUNTARY DISMISSAL
In her second assignment of error, Mrs. Joseph argues that the trial court erred in granting the exception of insufficiency of service of process and the motion for involuntary dismissal.
Mrs. Joseph cites La. C.C.P. art. 1201(C) which provides that service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed, service of citation shall be requested within ninety days of its filing. When service is not requested within ninety days, a defendant may file a motion to voluntarily dismiss pursuant to La. C.C.P. art. 1672(C). That provision states:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declina-tory exception filed by such defendant ... unless good cause is shown why sendee could not be requested, in which case the court may order that service be effected within a specified time.
Mrs. Joseph notes that her first supplemental and amended petition requested service upon Otis. Mrs. Joseph alleges that she had no reason to suspect that service had not been perfected. In her appellant brief, Mrs. Joseph states that she learned that there was confusion in either the Sheriffs office or the Clerk of Court’s office and that service was withheld due to an outstanding filing fee balance. Mrs. Joseph alleges that she never received notice of this outstanding balance and did not suspect that service was withheld. Therefore, Mrs. Joseph concludes that the trial court erred in maintaining the exception of *757 insufficiency of service of process and the motion for involuntary dismissal.
|sThis Court faced a similar situation in Ayers v. Goodwill Industries, 2003-1576 (La.App. 4 Cir. 3/10/04), 870 So.2d 348. In Ayers, the plaintiff filed a petition for damages, along with an application to proceed in forma pauperis. The petition requested service upon Goodwill Industries. Id., p. 1, 870 So.2d at 359. Later, the application to proceed in forma pauperis was denied, and the petition was not served. Over three years later, plaintiff discovered the lack of service and requested service again. The trial court dismissed the plaintiffs claims against Goodwill Industries, under La. C.C.P. art. 1201(C) and 1672(C). Id., p. 2, 870 So.2d at 359. While noting that good cause is not defined in La. C.C.P. art. 1672(C), this Court stated “it is well established in our jurisprudence that mere confusion regarding a party’s correct name or inadvertence or mistake in requesting service on the part of plaintiffs counsel is not a sufficient basis for good cause.” Id. This Court noted that counsel for plaintiff assumed that service would be made as requested and did not check the court record for over three years. The Court found “this type of inadvertence or mistake is clearly not ‘good cause’ for the failure to request service within ninety days.” Id., p. 3, 870 So.2d at 349.
Likewise, counsel for Mrs. Joseph failed to check the record to ensure service was made as requested and presumed that it would be made. The request to re-issue service was filed on February 16, 2011, over four years after the filing of the first supplemental and amended petition. Counsel’s inadvertence or mistake in assuming that service would be made, and in not verifying service by checking the record in over four years, is not good cause.
Thus, we find the trial court did not err in granting the exception of insufficiency of service of process and the motion for involuntary dismissal.
^CONCLUSION
Accordingly, the judgment of the trial court granting the exception of prescription, the exception of insufficiency of service, and the motion for involuntary dismissal is affirmed.
AFFIRMED