NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-823

GILDA R. SMALL

VERSUS

AR SCIENTIFIC, ET AL

\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, DOCKET NO. 2017-4909-B
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Chief Judge, John E. Conery and Charles G. Fitzgerald, Judges.

**AFFIRMED.**

**Chief Judge Cooks dissents and assigns written reasons.**

**Gilda R. Small – In Proper Person**
**561 North Preston Street**
**Marksville, LA  71351**
**(318) 264-0766**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Gilda R. Small**


**C. Wm. Bradley, Jr.**
**Benjamin J. Biller**
**Bradley Murchison Kelly & Shea, LLC**
**1100 Poydras Street, Suite 2700**
**New Orleans, LA  70163-2700**
**(504) 596-6300**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Louisiana CVS Pharmacy, LLC**

**CONERY, Judge.**

Gilda R. Small appeals the trial court's judgment signed August 2, 2021, denying her Motion for Reconsideration of the trial court's holding that her action had been abandoned for failure to pursue her claim for over a three year period. Ms. Small also appeals that portion of the judgment wherein the trial court denied her Motion for New Trial, and further granted Louisiana CVS Pharmacy, LLC's alternative exceptions of insufficiency of citation and service of process without prejudice for Ms. Small's failure to properly serve Louisiana CVS Pharmacy, LLC within 90-days of filing her petition on November 14, 2017. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On November 14, 2017, Plaintiff, Gilda R. Small, in proper person, fax filed a Petition for Damages against Defendants, AR Scientific, CVS Pharmacy, ABC Insurance Company, and XYZ Insurance Company. The original petition was received in the Avoyelles Parish Clerk's Office on November 21, 2017.

Ms. Small, who chose to represent herself in these proceedings, was a formerly licensed attorney in Louisiana from 1983 through 2004. In her petition, Ms. Small generally alleged she suffered injuries as a result of taking a commonly used antibiotic medication, Bactrim DS, which had been prescribed by her physician to treat an infection. Ms. Small alleged the manufacturer, AR Scientific, and the seller, CVS Pharmacy, failed to warn her of the potential side effects of the medication, which she asserted caused severe skin problems all over her body. In her petition, Ms. Small made no request for service on any of the defendants. Louisiana CVS Pharmacy, LLC claims that it has never been served with a proper citation.

In conjunction with the petition, Ms. Small also filed an affidavit requesting the court's leave to proceed in forma pauperis. The trial court signed an order granting Ms. Small pauper status on November 21, 2017.

Louisiana CVS Pharmacy, LLC only became aware of Ms. Small's suit when it received interrogatories and requests for production propounded on **November 16, 2020**, three years after the fax filing of Ms. Small's claim on **November 14, 2017**. The discovery packet was sent to "CVS Store #5306, Through its Registered Agent, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, La 70816." The certificate of service of the interrogatories and requests for production indicated that discovery was only sent to one "Defendant," identified in the interrogatories and requests for production as "CVS Store #5306." However, as previously stated, the proper defendant, "Louisiana CVS Pharmacy, LLC" has never been properly served with the citation, much less within the required 90 day period.

The record reflects that on February 8, 2021, counsel for Louisiana CVS Pharmacy, LLC contacted the Avoyelles Parish Clerk of Court's Office and was informed that since the filing of the action on November 14, 2017, there had been no other activity in the suit. Therefore, on March 1, 2021, alleging there had been no activity or steps taken in the prosecution or defense of the proceeding in over three years, Louisiana CVS Pharmacy, LLC filed a Motion to Dismiss on Grounds of Abandonment. It also filed, in the alternative, Declinatory Exceptions of Insufficiency of Citation and Service of Process.

Ms. Small was ordered by the court to show cause on March 29, 2021 why Louisiana CVS Pharmacy, LLC's motion to dismiss on grounds of abandonment should not be granted, or why the alternative exceptions of insufficiency of citation and service of process should not be sustained. The hearing was held on March 29,

2

2021. Based on Ms. Small's objection that she did not receive timely notice of the show cause hearing, the trial court allowed Ms. Small fifteen days to submit a memorandum in support of her position. The matter was then taken under advisement by the trial court.

After receiving a post-hearing memorandum from Ms. Small and a reply brief from Louisiana CVS Pharmacy, LLC, the trial court issued written reasons for judgment on April 29, 2021, finding in favor of Louisiana CVS Pharmacy, LLC, granting its motion for abandonment and sustaining the exceptions of insufficiency of citation and service of process. Judgment was signed on May 13, 2021 dismissing Ms. Small's action with prejudice.

Ms. Small's Post-Trial Motions

On May 24, 2021, Ms. Small filed a "Motion for New Trial on Declinatory Exceptions, Among Other[s,]" wherein she objected to the fact that the final judgment of May 13, 2021 dismissed her claims with prejudice.

On June 14, 2021, Ms. Small filed a "Motion for Reconsideration of Dismissal Based on 561 Abandonment, Among Other[s.]"[1] Ms. Small again asserted her written discovery request sent on November 16, 2020 to "CVS Store #5306" was sufficient to interrupt the abandonment period of three years.

---

[1] Ms. Small filed separate motions due to her understanding that "the ruling on the declinatory exceptions require[s] the filing of a new trial motion within 7 days of the mailing of the Judgment whereas the ruling on the dismissal based on abandonment allows plaintiff 30 days from the mailing of the Judgment to file a motion for reconsideration." Therefore, in the May 24, 2021 motion for new trial on the declinatory exceptions, Ms. Small "reserve[ed] her right to file a motion for reconsideration of the court's ruling on the dismissal of her action as abandoned within 30 days from the mailing the Judgment."

<u>Combined Hearing On Plaintiff's "Motion For New Trial On Declinatory Exceptions, Among Other[s]" and "Motion for Reconsideration of Dismissal on 561 Abandonment, Among Other[s]"</u>

On June 11, 2021, counsel for Louisiana CVS Pharmacy, LLC agreed to have both motions filed by Ms. Small heard on July 6, 2021, wherein Ms. Small renewed her arguments. On July 13, 2021, the trial court issued written reasons on Ms. Small's motions for new trial and reconsideration, again holding that Ms. Small had failed to perfect citation and service on the proper defendant, Louisiana CVS Pharmacy, LLC, and that Ms. Small's action had been abandoned for failure to act within the required three year period for moving the action forward pursuant to La.Code Civ.P. art. 561.[2]

The trial court signed a judgment on August 2, 2021 specifically vacating the May 13, 2021 judgment, which had inadvertently dismissed Ms. Small's claims with prejudice. The trial court's August 2, 2021 judgment also denied Ms. Small's request for reconsideration of its ruling in favor of Louisiana CVS Pharmacy LLC, dismissing Ms. Small's claim on the ground of abandonment without prejudice. Ms. Small's timely appeal of the August 2, 2021 judgment followed.

## LAW AND DISCUSSION

*Standard of Review*

"The manifest error standard of review applies to the trial court's dismissal of a suit for failure of the plaintiff to request timely service[,]" pursuant to the Louisiana Code of Civil Procedure. *Johnson v. Brown*, 03-0679, p. 2 (La.App. 4 Cir. 6/25/03), 851 So.2d 319, 322. "The well established manifest error/clearly wrong standard of

---

[2] Louisiana Code of Civil Procedure Article 561 provides in pertinent part, "A. (1) An action … is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years . . . ."

4

review is applicable when a trial court dismisses an action for failure to timely perfect service of process." *JP Morgan Chase Bank v. Smith*, 07-1580, p. 3 (La. App. 3 Cir. 5/21/08), 984 So.2d 209, 212.

Additionally, on appeal, the trial court's determination of whether a "step" in the prosecution of an action was taken so as to avoid abandonment is a factual finding which is also subject to the manifest error standard of review. *Rideau v. Louisiana Farm Bureau Cas. Ins. Co.*, 16-225 (La.App. 3 Cir. 9/28/16), 201 So.3d 410.

***Plaintiff's Motion For New Trial - CVS's Exceptions of Insufficiency of Citation and Service of Process***

Louisiana Code of Civil Procedure Article 1972 provides that a new trial shall be granted, upon contradictory motion of any party, in the following cases:

(1) When the verdict or judgment appears clearly contrary to the law and the evidence.

(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.

(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.

The trial court in its written reasons clearly explained that La.Code Civ.P. art. 1792 provides no basis for the trial court to grant a new trial in this matter:

> Upon this subsequent review, it does appear that Small requested service upon "CVS/Pharmacy" within the time delays set by law. However, the fact remains that as to "CVS/Pharmacy" the proper named defendant was not included in the original Petition nor has there been any amendment, and further, the request for service is simply upon "CVS/Pharmacy" through its Registered Agent, C.T. Corporation System. It is undisputed that the proper name for the defendant is **Louisiana CVS Pharmacy, LLC**. This entity had never been named as a defendant, nor has this entity been served with the original Petition or any subsequent documents. CT Corporation System apparently received Interrogatories and Request for Production of Documents sent

5

to "CVS Store #5306."  As of this date, the proper defendant has not been served with any proceedings whatsoever.

(Emphasis added.)

The Louisiana Supreme Court in the case of *Barnett v. Louisiana State University Medical Center – Shreveport*, 02-2576, p. 1 (La. 2/7/03), 841 So.2d 725, 726, provided:

> Louisiana Code of Civil Procedure article 1672 requires dismissal without prejudice as to a named defendant for whom service of process has not been requested within the 90-day time period prescribed by article 1201(C), unless good cause is shown why service could not be requested.  If the plaintiff successfully demonstrates good cause, "the court may order that service be effected within a specified time." La.Code Civ. Proc. art. 1672(C).

In this case, the trial court specifically found in its written reasons dated July 13, 2021:

> Small contends that she was not able to discover the correct name and/or information of the defendants and alleging many reasons for this failure.  However, this Court can find no law that indicates that plaintiff's difficulties in obtaining the proper name of the defendant in any way defeats any Exceptions of Insufficiency of Service and/or Citation.  It clearly appears to this Court that Small failed to exercise due diligence and as a result the abandonment of the action has occurred.  A simple search of the Secretary of State website prior to filing the original Petition and/or at any time within three (3) years of filing would have provided the correct defendant.
>
> . . . .
>
> In this proceeding it is clear that the Judgment sustaining the Exceptions of Insufficiency of Service and Citation are proper in that even to this day proper service has not been [effected].  Further, Small has failed to submit any evidence important to the cause which she could not have, with due diligence, obtained before the Hearing.  The Exception of Insufficiency of Service and Citation were properly sustained and the Motion for New Trial is DENIED."
>
> Further, after re-considering the allegations in Paragraph 14 of the Motion for New Trial, this court has reviewed the provisions of [La.Code Civ.P. art. 932] which clearly provides that if a Court finds on sustaining the objection, that service of citation on the defendant was not requested timely, it may either dismiss the action as to that

6

defendant without prejudice, or, on the additional finding that service could not have been timely requested, order that service be [effected] within a specified time. In the case at bar Small did timely request via the February 12, 2018 letter service and citation, however, this request was not made upon a properly named defendant, therefore, any dismissal is to be made without prejudice.[3]

Further, this Court does not find that service could not have been timely requested. Clearly with due diligence Small could have properly located the correct names of the defendants and have them properly served. Very simply, even considering the February 12, 2018 letter requesting service, Small's failure to exercise due diligence in following up on this request for a period in excess of three years certainly does not indicate that this Court should grant additional time to [effect] service.

A judgment was rendered in accordance with the trial court's July 13, 2021 written reasons and was signed on August 2, 2021, denying Ms. Small's Motion for New Trial on the declinatory exceptions and sustaining Louisiana CVS Pharmacy, LLC's Exceptions of Insufficiency of Citation and Insufficiency of Service of Process. The trial court's written reasons as to the exceptions reflected the need to correct its original May 13, 2021 judgment; "Accordingly, the Motion for New Trial is DENIED, however, this Court does find that the Dismissal with prejudice was in error and the matter should have been in fact dismissed without prejudice."

### Plaintiff's "Motion For Reconsideration Of Dismissal Based On 561 Abandonment, Among Other[s]"

Louisiana Code of Civil Procedure Article 561(A)(1) provides in relevant part, "An action…is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years…" The Louisiana Supreme Court has explained that "Article 561 is self-executing; it occurs automatically upon the passing of three years without a step being taken by either

---

[3] The details of the February 12, 2018 letter requesting service and citation will be further discussed in this opinion.

party, and it is effective without court order." *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, p. 6 (La. 5/10/01), 785 So.2d 779, 784.

A "step" for the purposes of precluding abandonment of an action is a formal action before the court intended to hasten the suit towards judgment such as the taking of formal discovery. *Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C.*, 11-912, p. 5 (La. 12/6/11), 79 So.3d 978, 981. Once abandonment has run, "'action by the plaintiff cannot breathe new life into the suit.'" *Clark*, 785 So.2d at 789 (quoting 1 *Frank L. Maraist & Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure* § 10.4 (1999)).

In its July 13, 2021 written reasons on the issue of abandonment, the trial court provided that Ms. Small's "filing basically alleges that plaintiff's actions should not have been dismissed on the ground of abandonment and/or that any dismissal should have been without prejudice." The trial court agreed with the plaintiff "that the dismissal should have been entered without prejudice, however, the Dismissal based upon abandonment clearly was the proper finding."

### November 16, 2020 Interrogatories and Request For Production of Documents

Ms. Small initially argued that her November 16, 2020 Interrogatories and Request for Production of Documents were served by certified mail on defendants AR Scientific and "CVS Store 5306" and thus served to interrupt the three year abandonment period. We do not agree.

First, in its written reasons, the trial court cited to a document attached to the Motion for Reconsideration of Dismissal which was obtained by Ms. Small on **April 12, 2021** from the Louisiana Secretary of State. The trial court stated as follows, "**This document confirms that CVS Store 5306 LA, LLC was qualified March 18, 2005 and filed its last report March 6, 2006. There is a notation**

8

**"inactive/merged" with confirmation that a merger occurred on December 19, 2006 with the survivor company named as Louisiana CVS Pharmacy, LLC."** (Emphasis added.)

The trial court then determined that, "[w]ith due diligence [Ms.] Small certainly could have learned this information by searching the Secretary of State website prior to filing the original Petition and certainly, within three years of the original filing and/or certainly within ninety days of the original filing." The trial court found, "Quite frankly, [Ms.] Small did not exercise due diligence and the proper citation and service were never issued nor was the proper CVS defendant ever named."

Further, Louisiana Code of Civil Procedure Article 561(B) provides, "Any formal discovery as authorized by this code and **served on all parties** whether or not filed of record … shall be deemed to be a step in the prosecution or defense of an action." (Emphasis added.) As previously found by the trial court, Plaintiff failed to properly serve the correct entity, Louisiana CVS Pharmacy, LLC, with citation and discovery, despite possibly serving the other named defendant, AR Scientific. In *Guillory v. Pelican Real Estate, Inc.*, 14-1539 (La. 3/17/15), 165 So.3d 875, the supreme court held that the discovery the plaintiffs had served on only one defendant did not constitute a step in the prosecution of their action based on Article 561(B) as to the other defendant.

Ms. Small also argued that she requested service via a February 12, 2018 letter, time stamped at 3:05 p.m. by the Avoyelles Parish Clerk of Court. The letter from Ms. Small requested "[the clerk of court] to issue service of process and citation on the [two named]defendants in the above reference[d] suit." The request included "CVS/Pharmacy through it[s] agent for service of process:  CT Corporation System,

9

3867 Plaza Tower Dr. Baton Rouge, LA 70816," and "AR Scientific, Inc. via Long Arm Statu[te.]"

During the July 6, 2021 hearing, the trial court reviewed the complete electronic record and found it did not contain the February 12, 2018 letter plaintiff claims she sent to the clerk, nor any indication of action by the clerk of court in response to the letter. The court determined that the February 12, 2018 letter had only later been submitted as an attachment to Ms. Small's memorandum to the court. This letter requesting service of process and citation on the two named defendants set forth in in her petition was not in the official electronic court record.

Over objection by counsel for Louisiana CVS Pharmacy, LLC, the trial court allowed the letter to be placed in the suit record by stating that, "all of the filings that have been received by the clerk of court in the record shall be made an exhibit to this proceeding, together with any memorandums in support or in opposition to the motions before the court and the exhibits attached thereto."

Nevertheless, the acceptance into the record of the February 12, 2018 letter requesting service on "CVS/Pharmacy through its agent for service of process: CT Corporation System[,]" at the July 6, 2021 hearing by Ms. Small also failed to interrupt the three year abandonment period. In fact, as of this date, Ms. Small has *never* made a service request *on the properly named defendant,* Louisiana CVS Pharmacy, LLC.

The Louisiana Supreme Court in the recent case of *Williams v. Montgomery*, 20-1120, p. 10 (La 5/13/21), 320 So.3d. 1036, 1044 held as a matter of first impression that:

> In sum, where no step has been taken in an action against a particular defendant, **the lack of service of process on that defendant not only eliminates the necessary notice of the legal action, but also**

10

**indicates a lack of intent to pursue that action. In such a situation, any steps taken by or against a served defendant to hasten the matter to judgment are ineffective as to defendants not served.**

(Emphasis added.)

In *Williams*, 320 So.3d at 1044-45, the supreme court quoted *Walker v. Archer*, 16-171, 16-172, 16-173 (La. App. 4 Cir. 10/5/16), 203 So.3d 330, 334-35, for a discussion of a dismissal for abandonment pursuant to La.Code Civ.P. art. 561(A)(3) and stated:

> Importantly, when a suit is dismissed under Article 561 A(3) of the Louisiana Code of Civil Procedure, the dismissal is "without prejudice" not "with prejudice."
>
> The only prescriptive effect on a claim asserted in a suit which is dismissed without prejudice on the grounds of abandonment is that the pendency of the abandoned suit does *not* interrupt the prescriptive period for the claim.
>
> Thus, a dismissal without prejudice, or non-suit, merely restores matters to the status occupied before the suit and leaves the party free to *again* come into court with his complaint. Because the parties are restored to the position they had before the pendency of the abandoned lawsuit, a plaintiff may re-file his lawsuit or re-assert his claim in a new proceeding "provided prescription has not run on [the] claim." ...

Therefore, based on the record before us, including the trial court's comprehensive written reasons, we find no manifest error by the trial court in granting the motion to dismiss without prejudice based on abandonment filed on behalf of Louisiana CVS Pharmacy, LLC.  The record is clear that Ms. Small failed to take a required "step" in the prosecution of her claim during the three years after filing her Petition on November 14, 2017, despite having ample opportunity to properly name Louisiana CVS Pharmacy, LLC as the correct defendant to this action.

## DECREE

For the foregoing reasons, the August 2, 2021 judgment of the trial court granting Louisiana CVS Pharmacy, LLC's Motion to Dismiss on Grounds of

11

Abandonment without prejudice is affirmed. The portion of the August 2, 2021 judgment sustaining Louisiana CVS Pharmacy, LLC's alternative Declinatory Exceptions of Insufficiency of Citation and Insufficiency of Service of Process is also affirmed. Costs of this appeal are assessed to Plaintiff, Gilda R. Small.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 21-823

**GILDA SMALL**

**VERSUS**

**AR SCIENTIFIC, ET AL**

**COOKS, Chief Judge, dissents.**

I respectfully dissent from the majority opinion which affirms the trial court's granting of the Motion to Dismiss on the Grounds of Abandonment and the sustaining of the Declinatory Exceptions of Insufficiency of Service of Process and Citation.

In this matter, Ms. Small requested service via a letter time stamped by the Avoyelles Parish Clerk of Court dated February 12, 2018. Although the trial court stated in his reasons for judgment that this letter does not "appear of record," the record before this court includes a copy of this letter. The letter from Ms. Small, addressed to the Avoyelles Parish Clerk of Court "hereby requested [the clerk of court] to issue service of process and citation on the defendants in the above referenced suit" to the following parties:

1. CVS/Pharmacy though its agent for service of process:

   CT Corporation System
   3867 Plaza Tower Dr.
   Baton Rouge, LA 70816; and

2. AR Scientific, Inc. via Long Arm Statute at:
   1100 Orthodox St.
   Philadelphia, Pennsylvania 19124-3168

At the top of the letter which appears in the record before this court, there is a time/date stamp from the Avoyelles Parish Clerk of Court which indicates it was received on February 12, 2018 at 3:05 p.m. This letter clearly evidences Ms. Small's

request to issue service of process and citation on CVS Pharmacy and AR Scientific. Why this letter, requesting service of process and citation on the two named defendants set forth in in her petition, was not in the official court record is unclear. The time stamp on the letter leaves little doubt that it was received timely by the Avoyelles Clerk of Court Office. Certainly, defendants have presented nothing to dispute the authenticity of the time stamp on the letter. Moreover, in the hearing on the motion for new trial, the trial court stated that "all of the filings that have been received by the clerk of court in the record shall be made an exhibit to this proceeding, together with any memorandums in support or in opposition to the motions before the court and the exhibits attached thereto." Therefore, I find the February 12, 2018 letter is properly in the record of these proceedings. I further note Ms. Small's letter requesting service and citation was made within 90 days of commencement of the action as required by La.Code Civ.P. art. 1201(C).

Although it is not completely clear, it does appear the trial court accepted that Ms. Small did timely request service and citation on CVS Pharmacy and AR Scientific. Despite this the trial court still found the "Judgment sustaining the Exceptions of Insufficiency of Service and Citation are proper in that even to this day proper service has not been [effected]." The trial court further found:

> [W]ith due diligence Small could have properly located the correct names of the defendants and have them properly served. Very simply, even considering the February 12, 2018 letter requesting service, Small's failure to exercise due diligence in following up on this request for a period in excess of three years certainly does not indicate that this Court should grant additional time to [effect] service.

CVS cites several cases in support of the trial court's conclusion that Ms. Small was required to show good cause for her failure to effect service, but failed to do so. In *Methvien v. Our Lady of the Lake*, 20-1081 (La.App. 1 Cir. 4/16/21), 318 So.3d 329, CVS cites language from that case where the court stated "[t]he jurisprudence has consistently placed some responsibility on the party and attorney

2

and found good cause under [La.Code Civ.P. ] art. 1672(C) when the attorney could have taken steps to verify service, particularly after a long period of time." The facts in *Methvien* are distinguishable from those in the present case. In *Methvien*, there was no dispute that the plaintiff requested service in his petition, but did not pay the fees to the Sheriff's office within ninety days of the petition. In this case, Ms. Small sought and received pauper status, thus she did not have to pay any fees to have service and citation made on defendants.

CVS also cites *Ayers v. Goodwill Industries*, 03-1576 (La.App. 4 Cir. 3/10/04), 870 So.2d 348, but that case also is distinguishable. In that case, the plaintiff filed a lawsuit on October 4, 1999, along with an application pauper status, which was denied four days later. The petition contained service information, but advanced no costs, so no service was effected until February of 2003, well past the time limit for requesting service and citation. Ayers contended that she was unaware of the denial of pauper status, but her petition was nonetheless dismissed without prejudice. The appellate court affirmed, holding that no good cause existed for the failure to pay costs and request service for a period of over three years after the denial of pauper status, during which lengthy time frame neither Ayers nor her attorney made any effort to inquire as to her pauper status. In the present case, Ms. Small both timely filed her request for citation and service and was accorded pauper status by the trial court.

CVS next cites *Joseph v. North American Risk Services*, 11-1417 (La.App. 4 Cir. 2/29/12), 86 So.3d 752, where service was not effected due to an outstanding filing fee balance. The court held that counsel's inadvertence or mistake in assuming that service would be made, and in not verifying service by checking the record for several years is not good cause.

Lastly, CVS cites *Rollins v. City of Zachary*, 00-160 (La.App. 1 Cir. 2/16/01), 808 So.2d 439. In that case, the court rejected plaintiff's good cause argument for

failure to timely serve the defendant where plaintiff maintained a letter was sent to the Clerk of Court requesting service by regular mail and the Clerk of Court never received the letter. The court in *Rollins* held the plaintiff could have sent the service request by certified mail with return receipt requested, hand-delivered the request, or simply placed a telephone call to the Clerk of Court's office before expiration of the ninety-day period. In the instant case, Ms. Small testified she hand-delivered the request for service and citation to the Avoyelles Parish Clerk of Court's office and the letter has a time stamp to confirm that fact.

The cases cited by CVS are all factually distinguishable from the present case. Moreover, both CVS and the trial court misapply the law in this area as well. Louisiana Code of Civil Procedure article 1672(C) is not applicable to the facts of this case. That article provides:

> A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant *for whom service has not been requested within the time prescribed by Article 1201(C)* or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time. (Emphasis added)

Louisiana Code of Civil Procedure article 1201(C) provides:

> *Service of the citation shall be requested on all named defendants within ninety days of commencement of the action.* When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver. The requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a declinatory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation. (Emphasis added)

In this case, Ms. Small's February 12, 2018, hand-delivered letter to the Clerk of Court's office was within ninety (90) days from the commencement of the action. Therefore, La.Code Civ.P. art. 1672 is not applicable as there was no violation of the ninety day time period set forth in La.Code Civ.P. art 1201(C). Ms. Small has

4

no legal requirement to establish good cause for the failure of the clerk of court and the sheriff to effect service. Therefore, I find the trial court erred in sustaining the declinatory exceptions of insufficiency of service of process and citation.

Having found that Ms. Small did timely request service and citation on the defendants CVS Pharmacy and AR Scientific, that serves to interrupt the three-year abandonment period. Accordingly, I find the trial court erred in granting the Motion to Dismiss on Ground of Abandonment.