NANCY ALONSO        *        NO. 2025-CA-0626

VERSUS        *

       **COURT OF APPEAL**

NEW ORLEANS AVIATION        *

BOARD        **FOURTH CIRCUIT**

       *

       **STATE OF LOUISIANA**

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2025-00583, DIVISION "L-6"
Honorable Kern A. Reese
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Dale N. Atkins, Judge Nakisha Ervin-Knott)

Eulis Simien, Jr.
SIMIEN & SIMIEN, L.L.C.
7908 Wrenwood Blvd.
Baton Rouge, LA 70809

       COUNSEL FOR PLAINTIFF/APPELLANT

Lawrence G. Pugh, III
Alexander J. Brewster
PUGH ACCARDO, LLC
1100 Poydras Street, Suite 3600
New Orleans, LA 70163

       COUNSEL FOR DEFENDANT/APPELLEE

       **MOTION TO REMAND GRANTED; VACATED AND REMANDED**

       **March 5, 2026**

NEK
RML
DNA

Appellant, Nancy Alonso, appeals the district court's July 23, 2025 judgment granting the Appellee's Motion for Involuntary Dismissal and dismissing her suit against Appellee without prejudice. During the pendency of this appeal, the parties filed a Joint Motion to Remand, requesting the matter be remanded and reconsidered by the district court. For the following reasons, we grant the Joint Motion to Remand, vacate the district court's judgment, and remand the case back to the district court for reconsideration.

### FACTUAL AND PROCEDURAL HISTORY

This case arises from the district court's granting of the Appellee's Motion for Involuntary Dismissal based on Appellant's failure to pay the required service fee and effectuate service within ninety days of filing her petition.

Appellant, Nancy Alonso ("Ms. Alonso"), filed her petition for damages against Appellee, the City of New Orleans by and through the New Orleans Aviation Board (the "City"), on January 23, 2025. At the conclusion of her petition, she requested service on the City. However, because Ms. Alonso failed to remit payment to the Orleans Parish Sheriff's Office (the "Sheriff's Office") to effectuate service, the Sheriff's Office did not attempt service.

1

On May 13, 2025, over three months after the petition had been filed, Ms. Alonso's counsel contacted the Orleans Clerk of Court's Office to inquire about service and then learned that the Sheriff's Office never attempted service due to the nonpayment of the service fee. As soon as Ms. Alonso's counsel discovered this, her counsel requested that citation and service be reissued, and he remitted payment of the required fee. The City was finally served on May 28, 2025, 125 days after the petition was filed.

The next day, the City filed a Motion for Involuntary Dismissal on the basis that Ms. Alonso failed to properly request service within ninety days of the filing of the petition, as required under La. C.C.P. art. 1201(C), because she did not pay the required service fee when she made the request. Following a hearing on July 11, 2025, the district court granted the City's motion and dismissed Ms. Alonso's suit without prejudice. The district court issued its written judgment on July 23, 2025, and this timely devolutive appeal followed.

While this appeal was pending, the parties filed a Joint Motion to Remand, wherein the parties agreed that recent Supreme Court jurisprudence controls the outcome of this appeal. The motion to remand was deferred to the appellate panel, and we now rule as follows.

**DISCUSSION**

Both parties in their joint motion and appellate briefs direct this Court's attention to the Louisiana Supreme Court's decision in *DaRouse v. P.J.'s Coffee of New Orleans, LLC*, 2025-00078 (La. 10/24/25), 421 So. 3d 885. *DaRouse* is similar to the present case in that the plaintiff had requested service but failed to timely remit payment of the Sheriff's Office fees. However, unlike the present case, the district court denied the defendant's motion for involuntary dismissal,

2

finding that the payment of fees is not required under La. C.C.P. art. 1201(C). In reviewing the language of La. C.C.P. art. 1201(C) on appeal, the Louisiana Supreme Court determined, "A plain reading of the statutory provisions reveals that all that is required for compliance is that service be requested. . . . The pertinent statutory provisions do not provide that payment of any related filing fees and costs must be made within a stipulated time period." *DaRouse,* 2025-00078, p. 4, 421 So. 3d at 887-88 (quoting *Jenkins v. Larpenter*, 2004-0318, pp. 1-2 (La. App. 1 Cir. 3/24/05), 906 So. 2d 656, 659 (Guidry, J., dissenting)). Ultimately, the Louisiana Supreme Court upheld the lower court's judgment and ruled that the payment of fees is not required by La. C.C.P. art. 1201(C). *See id*. at pp. 6-7, 421 So. 3d at 889-90.

At the time the district court ruled on the City's Motion for Involuntary Dismissal, the Louisiana Supreme Court had not yet issued its opinion in *DaRouse.* In light of the Louisiana Supreme Court's ruling and the parties' Joint Motion to Remand, we vacate the district court's July 23, 2025 judgment and remand this case for the district court to reconsider the motion in light of the *DaRouse* ruling.

## DECREE

For the foregoing reasons, we grant the parties Joint Motion to Remand, vacate the district court's July 23, 2025 judgment granting the City's Motion for Involuntary Dismissal, and remand this matter back to the district court for reconsideration.

**MOTION TO REMAND GRANTED; VACATED AND REMANDED**